[Civ. No. 7773.   First Appellate District, Division One.—August 25, 1931.]

HERMAN CLARK, Respondent, v. EDITH B. WALLMAN, Appellant.

Lasher B. Gallagher and Jack W. Hardy for Appellant.

Frank Lee Crist and Edward M. Fellows for Respondent.

WARD, J., *pro tem.*—This is an action for damages for personal injuries alleged to have been sustained by the plaintiff Herman Clark under the following circumstances. On August 2, 1929, the plaintiff was driving a 1927 Dodge coupe automobile in a westerly direction on Addison Avenue in the city of Palo Alto. At the same time and place the defendant was driving a 1930 Nash sedan automobile in a southerly direction on Emerson Street. At the intersection of these two streets the cars of the plaintiff and defendant collided. As the result of that collision the plaintiff sustained injuries. The plaintiff in his complaint charged the defendant with negligence in the operation of her automobile. The defendant denied any negligence on her part, and, as a separate defense, pleaded contributory negligence on the part of the plaintiff. The case was tried before a jury, which returned a verdict in favor of plaintiff. Judgment was entered accordingly. A motion for a new trial was denied and defendant appealed.

Plaintiff, about to enter the intersection, saw defendant's car seventy-five to ninety feet away approaching the intersection at a speed of thirty-five to forty miles an hour. Plaintiff, driving on the right side of the street at a lawful speed, made no effort to stop. It is the contention of appellant that the conduct of the plaintiff and respondent at the time and place of the accident which gave rise to the respondent's injuries was negligence as a matter of

law, and that such negligence proximately contributed to the happening of the accident. Appellant cites *Kinney* v. *King,* 47 Cal. App. 390 [190 Pac. 834], but that was a case in which an ordinance was introduced which in effect provided that when vehicles approach simultaneously, the vehicle approaching from the right has the right of way. In the case at bar the statute provided, "When such vehicle is traveling at a lawful rate of speed." Defendant was not traveling at a lawful rate of speed and hence did not have the right of way. Appellant's position in effect is that plaintiff, going at a lawful rate of speed, seeing defendant approaching at an unlawful rate of speed, should have given the right of way. To lay down such a rule would be an invitation to speed-mad motorists to violate the law, and if an accident should occur, to place the blame, as a matter of law, upon the driver operating within a lawful rate of speed. It is the duty of one operating within a lawful speed in approaching an intersection to "use due care to avoid colliding with another; he must be ever alert and watchful, so as not to place himself in danger, and while he may assume that others will exercise due care, he cannot for that reason omit any of the care which the law demands of him". (*Flores* v. *Fitzgerald,* 204 Cal., at p. 377 [268 Pac. 369, 371].)

This case is a question of fact and not a question of law. In a case such as this where a claim of contributory negligence becomes an issue the rule is the same. "Contributory negligence is a question of law only when the court is impelled to say that from the facts reasonable men can draw but one inference, and that, an inference pointing unerringly to the negligence of the plaintiff contributing to his injury" (*Reaugh* v. *Cudahy Packing Co.,* 189 Cal. 335, 336 [208 Pac. 125, 128]). Otherwise contributory negligence is a question of fact for the jury. (*Flores* v. *Fitzgerald, supra,* 204 Cal., at p. 376.) Appellants also cite *Donat* v. *Dillon,* 192 Cal. 426 [221 Pac. 193], but in that case the court did not decide that there was contributory negligence as a matter of law, but that it was contributory negligence as a matter of fact. *Grillich* v. *Weinshenk,* 64 Cal. App. 474 [222 Pac. 160], also cited by appellant, is a correct interpretation under the provision of the statutes at that time. (See sec. 20, subd. F, of the

California Vehicle Act, Stats. 1919, p. 215.) We are not dealing with the statute as amended in 1929 (Stats. 1929, p. 541, sec. 55), but the statute in effect at the time of this accident, which provided as follows: "When two vehicles approach an intersection of public highways at approximately the same time, the vehicle approaching from the right shall have the right of way, provided such vehicle is traveling at a lawful rate of speed." (See sec. 131 [a], Stats. 1925, p. 412.) ■ In this case the plaintiff, driving westerly and the defendant southerly, approaching an intersection at approximately the same time, the defendant had the right of way provided her vehicle was traveling at a lawful speed. The question of her speed was a matter for the jury to determine and if the jury determined the speed to be unlawful, then it was their duty to determine if plaintiff approached and entered the intersection in a careful and prudent manner. By their verdict the jury determined these issues. "When, therefore, the issue is such that it must be left with the jury and the jury has returned a verdict for the plaintiff, we must assume that the jury found adversely to the defendant on the issue of contributory negligence. Such finding is just as conclusive on appeal as the jury's finding on the issue of defendant's negligence." (*Swartz* v. *Acme Express & Drayage Co.*, 102 Cal. App. 616, at p. 619 [283 Pac. 358, 360].)

■ After the jury had beeen instructed on all legal questions appertaining to this case, the court made the following statement: "Those are the formal instructions, Ladies and Gentlemen, that I deem expedient to give you and which are applicable to the case. There are a few general instructions in regard to your duties as Jurors. . . . It seems to me the first thing that will be necessary to do would be, after electing a Foreman, that you will deliberate on the instructions given you with reference to contributory negligence. Did the alleged negligence of the Plaintiff in any way contribute to this accident, or was such alleged negligence the proximate cause of this accident? If nine of you should vote that it did, that the negligent driving of the plaintiff was the proximate cause of the accident, that ends the case, because then you cannot give any verdict for him against the defendant, if his contributory negligence was the proximate cause of the accident. If, however,

nine of you should consider that his conduct and his actions in driving his automobile in this intersection, did not at all contribute or was not the proximate cause of the happening of this accident, then you will proceed to fix the damages, if any, that you think he is entitled to.'' Standing alone this instruction is clearly erroneous, It omitted and disregarded any question of negligence on the part of the defendant. However, other instructions stated the rule correctly, not once, but in six different instructions. This is the only instruction that appellant attacks. The whole charge taken together eliminates this one instruction as an accurate statement of the law applicable to this case. We do not believe that the jury was misled or that the erroneous instruction resulted in a miscarriage of justice.

Judgment and order are affirmed.

Tyler, P. J., and Cashin, J., concurred.