James J. Richman, Plaintiff, *v.* Mina Nelson, Defendant.

City Court of New York, Special Term, New York County, June 8, 1944.

*Alfred Roelker* for defendant.

*Robert Halpern* for plaintiff.

Byrnes, Ch. J. This motion, by defendant, for summary judgment dismissing the complaint under rule 113 of the Rules of Civil Practice, involves the construction and application of section 500 of the World War Veterans' Act, 1924 (U. S. Code, tit. 38, § 551), which prohibits any person, including attorneys, from contracting for, charging or securing any fee or compensation, except as permitted by the statute, for assistance in obtaining relief for a veteran. The statute has been held not to relate to compensation an attorney may receive from the guardian of the veteran, or some other person, provided the veteran himself be not taxed with the amount of such compensation or required to bear the burden of it directly or indirectly. (Cf. *Welty* v. *United States,* 2 F. 2d 562; see *Matter of Shinberg,* 238 App. Div. 74, 76.)

The plaintiff in the present case, an attorney, was retained by the defendant, the sister and committee of an incompetent veteran, to prosecute a claim based upon a United States Government War Risk insurance policy for $10,000, which had

been issued to the incompetent while he was still in the military service. In consequence of proceedings initiated and prosecuted by plaintiff on behalf of the veteran, the latter's claim for permanent disability benefits, which had been theretofore disallowed by the Veterans' Administration, was by that body ultimately approved, resulting in the payment of a lump sum of $12,132.50 to the committee of the veteran on April 2, 1936, covering a period of many years prior to that date, during which the veteran was found to have been disabled, and of monthly benefits of $57.50 each and every month thereafter until the veteran's death on October 13, 1943, the payments aggregating a total of over $17,000. The incompetent had other property of the value of $4,000, and died intestate leaving an estate of approximately $21,000. The defendant has been benefited to the extent of $1,163.09, the commissions she received between 1937 and 1944 as committee, and it is said that her distributive share of the estate will amount to about $3,500.

Before plaintiff entered upon his work, which, it must be assumed on this motion, resulted in enlarging the estate of the veteran by over $17,000, and ultimately enriching defendant to the extent above indicated, he caused defendant to sign the following retainer, both as committee and individually:

" December 14, 1934.
Re: Nelson, Abraham
C 227   405

Dear Mr. Richman:

As committee and sister, I hereby retain you to prosecute whatever rights my above named ward and brother may have pursuant to the provisions of a contract of insurance issued to him by the United States Government and for your services I agree to pay you a fee equivalent to 10% of whatever sums are recovered whether obtained by suit, settlement or otherwise.

In the event the application is granted by the Insurance Claims Council I, personally, agree to pay you the above fee as follows:

1. By paying to you the annual commission allowed me as Committee out of the Estate.
2. By paying to you whatever sum the Court allows me as Committee out of the Estate for unusual services rendered in connection with the insurance recovery.
3. In the event of an intermediate or final accounting or any other proceeding, I agree to pay you the commissions allowed me out of the Estate as Committee for the entire

period of my Committeeship during which commissions have not been paid.

4. By paying to you whatever interest I receive from the Estate upon the death of my above named brother.

If the application is denied and suit is instituted and won, I agrée to recommend to the Court that a fee of 10% be allowed you for your service out of the entire monies recovered.

I further agree to retain you as attorney to prepare the annual inventory and account and to render any other necessary legal services and to arrange to pay you a reasonable fee out of the Estate for such services.

It is understood and agreed that if the application is denied and suit is lost, you are to receive no fee.

It is further agreed and this retained [*sic*] shall be binding on any successor Committee appointed herein.

Yours truly,

ESTATE OF ABRAHAM NELSON
(Signed) By MINA NELSON
*Committee*
(Signed) MINA NELSON
*Sister.''*

The question involved in this suit and which must be here determined, is whether defendant's undertaking to pay to plaintiff the commissions she would receive out of the estate, and also any interest she might derive from the estate after the death of the incompetent veteran, is enforcible — whether it is no more than an agreement by her personally to pay an attorney's fee, the burden of which does not fall directly or indirectly upon the veteran. I have concluded that this is an agreement to pay compensation out of the estate of the veteran, other than and beyond that which is permissible under the statute (World War Veterans' Act, 1924, § 500; U. S. Code, tit. 38, § 551). It seems to me to be immaterial that the compensation is payable only out of that part of the estate which reaches defendant as her commissions as committee or as her distributive share as next of kin or legatee, and that it is equally immaterial that such compensation does not become payable until defendant actually receives her commissions and distributive share. Indirectly at least the veteran bears the onus of the agreement. While he lives, his committee is supposed, by virtue of the agreement, to turn over to the attorney the commissions which she gets from the veteran's estate and which is the remuneration allowed to her by law

for faithfully looking after him and conserving his resources. Upon the veteran's death the attorney becomes entitled to collect as the remainder of his fee, payment of which has been postponed until that time, a part of the veteran's estate. This retainer is not an undertaking by a third person to pay a fee for assistance to the veteran, a fee the burden of which the veteran is not to suffer; it is an agreement for the payment of moneys deriving from the estate of the veteran. I think the agreement is not less violative of the spirit and letter of the statute because the payments to the attorney are channeled through the committee and sister of the veteran, and in part postponed until the veteran's death. Certainly if the veteran had himself agreed that the retainer be paid after his death, out of his estate, or had agreed to make provision for its payment in his will, such agreement would transgress the statute. The veteran being himself incompetent, an agreement by his sister to apply to the retainer a part of his estate after his death, that part which she would receive as her share as legatee or distributee, is no better. If the retainer in this case were to be given effect, another way to circumvent the statute would be opened.

Defendant's motion for summary judgment is granted and the complaint is dismissed.

Order signed.