[Civ. No. 17776.   Second Dist., Div. Two.   Oct. 11, 1950.]

RAY A. WILLIAMS et al., Appellants, v. FRED GURWITZ et al., Respondents.

George Cohn and Charles Kaplan for Appellants.

Parker, Stanbury, Reese & McGee for Respondents.

WILSON, J.—Plaintiffs have appealed from a judgment entered on a verdict in favor of defendants in an action to recover damages alleged to have been suffered by plaintiffs in a collision of two automobiles at the intersection of Washington Boulevard and Redondo Boulevard in Los Angeles.

Plaintiff Ray Williams, accompanied by his wife, was driving in a westerly direction on Washington Boulevard. Obeying a traffic signal he stopped on the easterly side of Redondo. Upon the change of signals in favor of the traffic on Washington plaintiff Ray Williams extended his arm signalling for a left-hand turn, proceeded to the center of Redondo and commenced his turn. At that time he did not see any cars traveling in an easterly direction. Defendant Fred Gurwitz was driving in an easterly direction on Washington. His car collided with plaintiffs' car at about the center of Redondo. Plaintiffs have not raised any question concerning the sufficiency of the evidence.

Plaintiffs assign as prejudicial error two questions asked on cross-examination of a police officer. The first reads: "In further corroboration of what Mr. Williams said or told you, both as to where the accident happened and as to whether or not he ever saw the other car, you indicated right here on your police report that Mr. Williams violated the right of way of Mr. Gurwitz, did you not?" Plaintiffs objected and were sustained; thereupon counsel asked a second question reading as follows: "Based upon what Mr. Williams told you about the accident, did you come to a conclusion and

put it on your police report—as to whether or not Mr. Williams, under his own statement to you, had violated Mr. Gurwitz' right of way?" Plaintiffs' attorney objected to the second question and assigned it as misconduct. The court did not rule upon the objection and the witness did not answer the question. Plaintiffs made a motion for mistrial on the grounds that the questions were improper, called for the statement of a conclusion of law and invaded the province of the jury. The court denied the motion, whereupon counsel asked the court to instruct the jury "that they are the sole judges of who did violate the right of way." The court did not give such an instruction at that time but responded, "You can cover that in your instructions."

It is elementary that it is within the province of the jury to determine which party, if either, was negligent and which party, if either, violated the right of way rules. Such a matter is not the subject of expert testimony and neither a police officer nor any other witness should be asked whether he had reached a conclusion as to which party violated the right of way or to state such conclusion if he had arrived at one. However, the questions did not furnish a ground for mistrial. The court is not required to declare a mistrial whenever an improper question is asked. If such were the custom mistrials would be the rule rather than the exception. Since the jury was fully instructed upon the question of right of way and as to their duties in deciding the case upon the evidence the asking of the questions is not reversible error.

The court properly refused to give an immediate instruction to the jury as requested by plaintiffs' counsel. Such instruction was not necessary or proper at that time since all questions of law are customarily covered, and in this case were covered, by the instructions given at the close of the evidence.

Plaintiffs assign as error the giving of the following instruction: "You are instructed that the plaintiff Mr. Williams was required to maintain a reasonable lookout for vehicles approaching from the opposite direction both before starting to make his turn and while making the turn. If you find from the evidence that Mr. Williams either negligently failed to look at all, or that he did look and failed to see an automobile which was approaching in plain sight to be seen by anyone exercising ordinary care, then you must

find that Mr. Williams was negligent.'' Plaintiffs contend that by the first sentence of the instruction the court told the jury that it was obligatory upon plaintiff driver to maintain a lookout for vehicles approaching from the opposite direction ''while making the turn.'' Such is not the effect of the instruction. It does not state that an obligation rested upon plaintiff driver to maintain a continuous lookout for vehicles coming from the west but states that he was required to maintain a ''reasonable'' lookout in that direction—in other words to use ordinary care. He was under the same obligation to exercise care as is a pedestrian in crossing a street. (*Young* v. *Tassop,* 47 Cal.App.2d 557, 564 [118 P.2d 371].)

Similar language is found in BAJI* Instruction No. 142, which was requested by plaintiffs but was not given by the court, reading as follows: ''The words just quoted from the Vehicle Code (Section 544) namely, that 'no person shall turn a vehicle unless and until such movement can be made with reasonable safety,' do not mean that the driver of a motor vehicle, before making a turn, must know that there is absolutely *no possibility* of accident. They mean that before starting to turn a vehicle on a public highway, *and while making the turn,* the driver of the vehicle must use such precaution as would satisfy a reasonably prudent person acting under similar circumstances, that the turn can be made safely.'' (Emphasis added.)

Plaintiffs requested the foregoing instruction and assign as error the failure of the court to give it. Since the subject matter of the instruction is completely covered by others, including the first above quoted, the court's refusal to read it to the jury is not error.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.

*Book of Approved Jury Instructions (California Jury Instructions, Civil), 3d revised edition, West Publishing Company, 1943.