[Civ. No. 5159. Fourth District. July 16, 1956.]

ABBE CORTEZ, Plaintiff and Appellant, v. JESSIE GERALDINE MURRAY, Defendant and Appellant.

Jerome Weber, Reuben Rosensweig and Jack Altman for Plaintiff and Appellant.

Gray, Cary, Ames & Frye for Defendant and Appellant.

BARNARD, P. J.—This is an action for damages arising out of a collision between two automobiles. The accident happened about midnight on September 9, 1952, at the intersection of El Cajon Boulevard and Hamilton Street in San Diego. Hamilton runs north and south and is 40 feet wide. El Cajon runs east and west with six traffic lanes, separated by islands in the middle. The northerly of the three eastbound lanes is 24 feet wide, and the other two are 12 feet wide. At the time in question the defendant was traveling west in the southerly of the westbound lanes as she approached Hamilton. She turned left at the intersection in order to go south on Hamilton. As she proceeded south her car was struck about the center of its right side by a car driven by the plaintiff, which was traveling in the center lane of the three eastbound lanes on El Cajon.

In this action which followed, the defendant denied the allegations of the complaint and pleaded contributory negligence on the part of the plaintiff. A jury returned a unanimous verdict in favor of the defendant and judgment thereon was entered on January 27, 1955. On February 8, the plaintiff filed notice of a motion for judgment notwithstanding the verdict, or in the alternative of intention to move for a new trial. On March 21, 1955, the court signed an order "that judgment be and hereby is rendered in favor of the plaintiff and against the defendant in the sum of $3,000, notwithstanding said verdict"; and further ordering "that the said motion for new trial be and the same is hereby denied." On April 12, the plaintiff filed notice of appeal from the judgment "made and entered on the 27th day of January, 1955, and from the denial of the motion for a new trial made and entered on the 21st day of March, 1955." On April 18, the defendant filed a notice of appeal from the judgment in favor of the plaintiff notwithstanding the verdict entered on March 21, 1955.

On his appeal the plaintiff contends that the evidence disclosed negligence on the part of the defendant in that she

did not slow up sufficiently in making her turn and failed to yield to oncoming traffic, in violation of section 551 of the Vehicle Code; that contributory negligence on his part was not proven except by inferences and suspicions; that the jury could not have weighed the testimony since it was out less than 20 minutes; that defense counsel was guilty of prejudicial misconduct in that he "tried to bring out that the plaintiff was in the Mastic Paint business"; and that the court erred in failing to grant his motion for a new trial since the evidence showed that he was free from contributory negligence, and that the defendant was guilty of negligence.

On her appeal the defendant contends that the court had no jurisdiction to grant a judgment notwithstanding the verdict since no motion for a directed verdict had been made; and that the judgment notwithstanding the verdict was erroneously entered because there was evidence on the issues of negligence, contributory negligence and damages which was sufficient to support the jury's verdict and the original judgment.

A trial court has no authority to enter a judgment notwithstanding the verdict except where a motion for a directed verdict was made and erroneously denied. (*Hallinan* v. *Prindle*, 220 Cal. 46 [29 P.2d 202].) No motion for a directed verdict was here made. It is also well settled that the court's power to enter a judgment notwithstanding the verdict is the same as its power to grant a nonsuit; that on a motion for such a judgment the court has no power to weigh the evidence, but must view the evidence in the light most favorable to the one in whose favor the verdict was rendered, and disregard all conflicts; and that such a judgment may not be entered if there is any substantial evidence which would support the verdict of the jury. (*Neel* v. *Mannings, Inc.*, 19 Cal.2d 647 [122 P.2d 576]; *Ferran* v. *Southern Pac. Co.*, 3 Cal.2d 350 [44 P.2d 533]; *Sakuma* v. *Zellerbach Paper Co.*, 25 Cal.App.2d 309 [77 P.2d 313]; *Estate of Arnold*, 16 Cal.2d 573 [107 P.2d 25].)

While that matter is not important, the record discloses that the jury was out 40 minutes instead of 20. There was ample evidence from which the jury could well find that the defendant was not negligent. Whether she turned left when it was not reasonably safe to do so, in violation of section 544 of the Vehicle Code, or whether she failed to yield the right of way as required by section 551 were questions of fact. There was evidence that she started to make her

turn from the proper lane; that she slowed down to about 10 miles an hour as she made the turn; that as she started to make the turn she looked to the right and could see no vehicles approaching from the west on El Cajon; that her left-turn blinker signals were on; that her car was struck when it was more than halfway across the eastbound lanes of El Cajon; and that plaintiff's car left skid marks on the pavement 43 feet long. The evidence clearly discloses that the defendant entered the intersection first, and that she had traveled a considerable distance therein before the plaintiff entered the intersection. There was also substantial evidence of contributory negligence on the part of the plaintiff. In addition to the above evidence, indicating that the plaintiff did not yield the right of way, there was evidence that he was coming uphill for 300 feet before he reached this intersection, and he testified that he saw the defendant ''just making the turn'' when he was about halfway up this hill, and that he observed that ''She did not stop. She kept going.'' There was evidence from which it might be inferred that the plaintiff did not turn on his lights until about the time he applied his brakes.

There was also evidence on the issue of damages from which the jury could well have concluded that the plaintiff was not damaged, or that his damage amounted to much less than $3,000. In any event, the issue as to the amount of damages was one for the jury and not for the court. There was a material conflict in the evidence, and the record seems to indicate that the preponderance of the evidence was in favor of the defendant. In addition, the testimony of the plaintiff was seriously impeached in several material respects, which the jury was entitled to take into consideration. In any event it clearly appears that the verdict was supported by substantial evidence.

No appeal lies, of course, from the order denying a motion for a new trial. The evidence amply supports the verdict of the jury and the judgment entered thereon. The order for a judgment notwithstanding the verdict was erroneously entered and is entirely unsupported by the record.

The purported appeal from the order denying a new trial is dismissed. The judgment entered on the verdict of the jury is affirmed. The order for judgment notwithstanding the verdict is reversed.

Griffin, J., and Mussell, J., concurred.