[Civ. No. 17898.  First Dist., Div. Two.  June 23, 1958.]

RALPH G. SWATZELL, Respondent, v. PACIFIC GREY-HOUND LINES (a Corporation) et al., Appellants.

Carroll, Davis, Burdick & McDonough for Appellants.

Pelton, Gunther, Durney & Gudmundson for Respondent.

BRAZIL, J. pro tem.*—From a judgment in a nonjury trial awarding the plaintiff $4,266 against the appellant bus company and its driver for injuries received in a collision between two motor vehicles, the defendants appeal.

---

*Assigned by Chairman of Judicial Council.

The appellants have not found fault with anything occurring at the trial other than the conclusion reached by the trial judge upon submission of the case for his decision. The only statement of an issue presented to the appellate court for review is that "the uncontradicted evidence elicited at the trial establishes the contributory negligence of the respondent Ralph G. Swatzell as a matter of law."

Using only the statement of facts as presented by appellants' own opening brief, the following is a fair summary of what occurred on Bayshore Highway about half past three in the afternoon of April 3, 1954.

The day was clear, visibility was unimpaired, the road surface was dry and the traffic at that time was very light. Mr. Swatzell was driving southward on this four-lane highway going about 40 or 50 miles an hour when he changed from the outside lane to the one closest to the dividing line between the north and south traffic lanes. This changeover was made about 1,000 feet north of the junction of Bayshore Highway and Haven Road, where respondent intended to make a left turn. About 300 feet north of the opening in the center double line for turning vehicles, he took his foot off the gas pedal and then a few feet further on put the Hudson vehicle he was driving into "low-low." Fifty feet north of the opening he applied his brakes while going about 10 or 15 miles an hour and then actually brought his vehicle to a stop at the northern edge of the break in the dividing line at the intersection. He then saw two automobiles and a Greyhound bus coming north, the bus being about 600 feet away and traveling in the northbound lane closest to the center of the highway. He estimated the speed of the bus at that time to be about 50 miles an hour. The respondent testified he put on his left-turn signal, signaled for a stop and then for a left turn. He said he was stopped for two seconds, allowing the two northbound automobiles to go by and he then commenced his turn while the bus appeared to be about 450 feet away still going about 50 miles an hour. He looked to the right again only when he heard the sound of brakes and skidding tires and at this moment he estimated the speed of the bus to be 60 to 70 miles an hour. The bus was then angling to its right, was in the outside northbound lane and heading for the shoulder at which moment of time respondent had the front wheels of the Hudson practically on the shoulder of the road. He pulled his car to the left to avoid the impending crash but was unable to avoid the impact.

The front of the bus struck the right side of the automobile, and in the resulting collision, respondent was injured and his passenger was killed.

Respondent relies on *Chase* v. *Thomas*, 7 Cal.App.2d 440 [46 P.2d 200], which in effect holds that a violation of the law by a plaintiff, if it proximately contributes to the accident, constitutes contributory negligence as a matter of law. In that case there was no factual dispute upon which reasonable men might differ. In the present case, whether plaintiff did or did not have sufficient clearance to make a left turn was a question first of fact; and those facts are not so clear or uncontradicted that reasonable men could only draw the one conclusion, maintained by appellant, that plaintiff turned in front of the oncoming bus when it was so close to him that it constituted an immediate hazard. It must be remembered, testimony of a witness concerning time, speed or distance, particularly when the case involves moving vehicles which collide at an intersection are only estimates and can never be exact. The determination of who is right or wrong is not therefore the result of mathematical calculation. ▮ Contributory negligence is almost always a question of fact and it is only in a most unusual case that it becomes a question of law. (*Alwood* v. *City of Los Angeles*, 139 Cal.App.2d 49 [293 P.2d 69].) ▮ In this case it is a question of fact and not of law whether the plaintiff was guilty of contributory negligence. Whether the conduct of the plaintiff at the time and place of the occurrence of the accident amounted to a violation of any of the provisions of the Vehicle Code depends on the facts presented at the trial. In like manner, if there were a violation of any section of the Vehicle Code, whether or not such violation proximately contributed to the happening of the accident depends upon the facts and it is not clear that only the result sought by the appellant can legally be reached.

The record discloses no merit in this appeal.

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.