[Civ. No. 20700.   First Dist., Div. Two.   Apr. 16, 1963.]

MARY FREDIANI, Plaintiff and Appellant, v. TUREO OTA, Defendant and Respondent.

Garry, Dreyfus & McTernan, Charles R. Garry and Fay Stender for Plaintiff and Appellant.

Popelka, Graham, Hanifin & Bonney and George W. Bonney for Defendant and Respondent.

AGEE, J.—Plaintiff appeals from a judgment entered upon an adverse jury verdict in a personal injury action arising out of an intersection collision between her automobile and defendant's automobile. The facts will be stated in the light most favorable to respondent.

■■■ The accident occurred on January 8, 1960, about 2:30 p.m. at Fremont Street and Fifth Avenue, in San Mateo. Both streets are approximately 40 feet wide and intersect each other at right angles. "Yield right-of-way" signs control traffic entering the intersection from Fifth. Respondent was proceeding east on Fifth. It was raining lightly and the streets were wet.

Respondent slowed his car to 10 to 15 miles per hour as he approached the intersection. He looked to his left and saw no traffic coming. He then looked to his right. There was a delivery truck stopped on Fremont, next to the curb at the southwest corner of the intersection and facing south. The rear end of the truck was jutting out into the intersection about 8 to 10 feet. This prevented respondent from seeing appellant's car until he had gotten into the intersection and past the rear end of the truck. At this point, respondent saw appellant's car coming at a speed of 35 to 40 miles per hour. She was then about 50 feet away from him. He immediately applied the brakes and was almost stopped at the moment of impact, which occurred approximately in the center of the intersection. Appellant did not slow down nor did she apply her brakes at any time before the accident.

■■■ The front of respondent's car and the left side of appellant's car collided. Appellant's car continued north through the intersection and for an additional distance of 68 feet. It then reversed directions and traveled south for approximately 19 feet before coming to a stop. Respondent's car was spun violently to the left by the force of the collision. The physical facts would support an inference that the force of the impact came from appellant's car, rather than from the respondent's.

■■■ Appellant testified that her view to the left was obstructed by the parked truck. The investigating police officer testified that appellant admitted to him that she did not see respondent's car until the impact occurred because she was looking to her right for cars that might be coming from that direction.

Appellant does not quite go so far as to maintain that absolute liability for an intersection collision is imposed upon a motorist who is required to yield the right-of-way to another motorist, as provided in section 21803 of the Vehicle Code. She acknowledges that she too had a duty "to avoid collision if by the exercise of reasonable care she could have done so."

Appellant contends, however, that the evidence is insufficient, *as a matter of law,* to support a finding of contributory negligence on her part and that it was therefore error to instruct the jury on this subject. We do not agree. Respondent pleaded contributory negligence in his answer to the complaint and the evidence is sufficient to justify the giving of proper instructions on this issue.

However, appellant continues, assuming that it was proper to submit such issue to the jury, "[i]t was prejudicial error not to qualify the contributory negligence instruction to relate to the circumstances and plaintiff's lesser duties as defined by a proper reading of the yield statute."

Appellant does not contend that the instructions given on negligence and contributory negligence are not correct as abstract statements of the law. Her complaint is that respondent's "proffered instruction No. 26 [BAJI 151] was necessarily incomplete, in the circumstances of this case." The instruction given is as follows: "It is the duty of the driver of any vehicle using a public street or highway to exercise ordinary care to avoid placing himself or another person in danger; to use like care to avoid an accident from which injury might result; to be vigilant at all times, keeping a lookout for traffic and other conditions to be reasonably anticipated; and to keep the vehicle under such control that, to avoid a collision with any person or with any other object, he can stop as quickly as might be required of him by eventualities that would be anticipated by an ordinarily prudent driver in like position."

At no time during the trial did appellant make any objection to the giving of the foregoing instruction nor did she offer or request any instruction which would make it "complete."

It is well settled that the failure of a trial court to give an instruction is not reviewable on appeal unless the record shows that the proposed instruction was requested and refused. (*Barrera* v. *De La Torre,* 48 Cal.2d 166 [308 P.2d 724]; *Mula* v. *Meyer,* 132 Cal.App.2d 279 [282 P.2d 107]; 3 Cal.Jur.2d, Appeal and Error, § 161, pp. 643-644.)

In her closing brief, appellant has belatedly set forth an instruction which, she says, "*might* have been" given. (Emphasis ours.) We are not called upon to discuss such proposed instruction, since it was never offered or requested by appellant during the trial.

Appellant's second principal contention is that respondent

was negligent *as a matter of law* and therefore it was error for the trial court to submit this issue to the jury, accompanied by the instruction that appellant could not recover if the jury found that respondent was not negligent.

The general verdict in favor of respondent gives rise to one or both of two implied findings, to wit, that respondent was not guilty of negligence which was a proximate cause of the collision or that appellant was guilty of negligence which proximately contributed to the cause thereof. Appellant's argument is that, if the verdict was based upon the first of these implied findings, it is without support in the evidence.

The court read section 21803 of the California Vehicle Code to the jury. This section provides: "(a) The driver of any vehicle upon approaching any yield right-of-way sign shall yield the right-of-way to other vehicles which have entered the intersection from an intersecting street or which are approaching so closely on the intersecting street as to constitute an immediate hazard. (b) A driver, having so yielded, may then proceed and the drivers of all other vehicles approaching the intersection on the intersecting roadway shall yield the right-of-way to him."

The court then instructed on the prima facie speed limit and the basic speed law. The following instruction was thereupon given: "If a party to this action violated any of the sections of the Vehicle Code just read to you, a presumption arises that he was negligent. This presumption is not conclusive. It may be overcome by other evidence showing that under all the circumstances surrounding the event, the conduct in question was excusable or justifiable."

The foregoing instruction, as modified, is one which was offered by appellant. The only modification was the substitution of "any of the sections of the Vehicle Code" for "Vehicle Code, section 21803." Thus, at appellant's request, the jury was told that, even *if* respondent violated section 21803, the presumption of negligence which thereby arose was rebuttable and could be overcome by a showing of excusable circumstances.

Here, the jury could have found from the evidence that respondent did not violate section 21803 because, at the time respondent's vehicle was approaching and entering the intersection, the appellant's vehicle was not "approaching so closely on the intersecting street as to constitute an immediate hazard."

Respondent approached and entered the intersection at 10 to 15 miles per hour; there was no traffic coming from his

left; he was unable to see around the parked truck on his right; when he could do so, he saw respondent's vehicle approaching at 35 to 40 miles per hour; he immediately applied his brakes and was either stopped or almost stopped when the collision occurred. A comparison of the respective speeds of the two vehicles would indicate that the distance of appellant's vehicle from the intersection at the time respondent's vehicle entered it was such that it presents a question of fact as to whether the former constituted "an immediate hazard" within the meaning of section 21803. If this is so, then it was properly left to the jury to determine whether respondent had violated the section.

Appellant lays stress upon the fact that section 21803, originally enacted in 1955 as section 550.1 of the Vehicle Code, has never been interpreted by an appellate court. However, we have a number of right-of-way sections in the Vehicle Code which have been so interpreted.

█ It is a basic rule of statutory interpretation that, when a statute is but one in a series of like statutes and a particular phrase or expression appears in each of them those other statutes may be looked to as a guide to the proper construction or interpretation of the instant statute. (45 Cal. Jur.2d 630, Statutes, § 121.)

█ The so-called right-of-way statutes are now (since 1959) assembled in the Vehicle Code as sections 21800 through 21806. They are designed to indicate a priority of rights as between conflicting parties in various intersection situations. Thus, section 21800 is designed to establish rights at an uncontrolled intersection, i.e., one not governed by a stop sign, control signal, or yield sign. Section 21801 pertains to a driver making a left turn in an intersection. Section 21802 establishes the right-of-way at the entrance to a through highway. Section 21803, the statute concerned here, refers only to intersections which are controlled by a yield right-of-way sign. Section 21804 covers the crossing of a highway from private property. Section 21805 establishes priorities between automobile drivers and horseback riders at an intersection of an equestrian crossing and a highway. And section 21806 determines right-of-way as between authorized emergency vehicles and automobiles.

All of these statutes refer to the expression "right-of-way." All are designed to establish a priority of rights between persons at a particular location in particular situations. Logically the statutes should be read together in order

to acquire the entire picture of priorities intended by the Legislature.

Section 21803 is but one of these statutes. Its meaning is clear, and especially is this so when it is read together with its companion statutes. It is illogical to suppose, as appellant has done herein, that the court must look to outside jurisdictions in order to determine the nature and scope of this statute.

The point then is, that the cases which have concerned various of the aforementioned statutes have clearly decided against appellant on both of her major arguments. For example, one court has decided expressly that the mere occurrence of an accident in a protected intersection does not, in and of itself, raise a presumption of negligence per se against the unprotected driver. (*Malinson* v. *Black* (1948) 83 Cal.App.2d 375, 378 [188 P.2d 788].)

More generally, but to the same effect, it is well established that even though a driver is given the right-of-way by these various statutory preferences, he is still under an obligation to exercise due care. (*Pattison* v. *Cavanagh* (1936) 18 Cal.App.2d 123 [63 P.2d 868, 871, 64 P.2d 945]; *Uhl* v. *Baldwin* (1956) 145 Cal.App.2d 547 [302 P.2d 841]; *People* v. *Miller* (1958) 161 Cal.App.2d Supp. 842 [327 P.2d 236]; *Stafford* v. *Alexander* (1960) 182 Cal.App.2d 301 [6 Cal. Rptr. 219].) And it is equally well established that a violation of a yield statute is a question of fact for the jury, as is the negligence of the favored driver. (*Hodges* v. *McCullom* (1941) 47 Cal.App.2d 41 [117 P.2d 44]; *Clark* v. *Wallman* (1931) 116 Cal.App. 278 [2 P.2d 562]; *Colbert* v. *Borland* (1957) 147 Cal.App.2d 704 [306 P.2d 53]; *Silva* v. *Pim* (1960) 178 Cal.App.2d 218 [2 Cal.Rptr. 860].)

In short, the California cases involving right-of-way statutes do not furnish support for appellant's position. None has been found, nor does appellant cite any, which holds that a presumption of negligence arises from the mere happening of the accident.

Even assuming that such a presumption could be implied here, appellant does not indicate any further support for a holding that the presumption be held to be conclusive, rather than rebuttable. Generally, where negligence per se is presumed because of a statutory violation, the rule is that the presumption is rebuttable. (*Alarid* v. *Vanier* (1958) 50 Cal.2d 617 [327 P.2d 897]; 2 Witkin, Summary of California Law, Torts, § 233, p. 1427.)

██ Furthermore, as discussed above, contributory negligence would still be a defense even if the "presumption" were not rebutted.

Appellant has gone so far as to argue for the abolition of the concept of contributory negligence in relation to this statute, stating that there is "almost unanimous modern distaste for the doctrine of contributory negligence." But because of the *in pari materia* rule cited above, we need only look to the many instances of cases under one or another of the right-of-way statutes, in which it is quite clear that contributory negligence of the favored driver is a crucial issue.

For examples of these cases, see *Cortez* v. *Murray* (1956) 143 Cal.App.2d 180 [299 P.2d 686]; *Williams* v. *Gurwitz* (1950) 99 Cal.App.2d 801 [222 P.2d 673]; *Davis* v. *Franson* (1956) 141 Cal.App.2d 263 [296 P.2d 600]; *Colbert* v. *Borland* (1957) 147 Cal.App.2d 704 [306 P.2d 53]; *Powell* v. *Bartmess* (1956) 139 Cal.App.2d 394 [294 P.2d 150].

None of the California right-of-way statutes gives any indication, express or implied, that the preferences given to the individuals specified therein include a freedom from liability for contributory negligence. The above cases and other right-of-way cases invariably discuss negligence of the defendant and contributory negligence, or lack thereof, as the crucial and determinative issues. We find no basis in the cases for the position urged by appellant.

██ Appellant has also argued, with regard to the factual question of respondent's negligence, that his story was inherently impossible and therefore must be entirely disregarded. This is not a new argument in this type of case. It was answered thoroughly and explicitly in *Silva* v. *Pim* (1960) 178 Cal.App.2d 218 [2 Cal.Rptr. 860], wherein the argument was raised, as it was here, because the estimates of time and distance, or speed did not jibe mathematically when figured out on paper, retrospectively.

The court (at p. 224) quoted from *Nagamatsu* v. *Roher* (1935) 10 Cal.App.2d 752 [53 P.2d 174]: " 'As has been frequently pointed out in cases of this nature such arguments are unreliable because they fail to take into account the human element, what may have been done by the respective drivers, and because of the many uncertainties which necessarily exist in such matters as the respective weights of the cars, the respective speeds, the exact positions, the force and direction of the blows, and many other elements.' "

"In *Swatzell* v. *Pacific Greyhound Lines,* 161 Cal.App.2d

544, 546 [326 P.2d 854], the court said: 'It must be remembered, testimony of a witness concerning time, speed or distance, particularly when the case involves moving vehicles which collide at an intersection are only estimates and can never be exact. The determination of who is right or wrong is not therefore the result of mathematical calculation.' "

It appears that this argument should be rejected in the instant case for these reasons exactly. It has already been seen, furthermore, that the evidence can well be construed as sufficient to support the conclusion that respondent was not negligent.

Judgment affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.