[Crim. No. 19498. Second Dist., Div. One. July 30, 1971.]

THE PEOPLE, Plaintiff and Appellant, v.
STEVEN ARNOLD GROSSMAN, Defendant and Respondent.

## COUNSEL

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, Joseph P. Busch, Jr., District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys for Plaintiff and Appellant.

David E. Kenner for Defendant and Respondent.

## Opinion

**THOMPSON, J.**—This is a People's appeal from an order setting aside two counts of an information pursuant to a motion filed under Penal Code section 995. We reverse the judgment.

On February 27, 1970, Deputy Sheriff Bert A. Natisin presented to a magistrate an affidavit in support of a search warrant. The affidavit is concededly sufficient in its statement of probable cause. It requests authority "to search the premises located at . . . 13328 Merkel Ave., Apt. A Paramont [*sic*]—single family units upper and lower levels and the carport area of apartment A. Steven A. Grossmann [*sic*] and 'Cookie' Grossmann [*sic*]," together with a described automobile and the persons of the suspects for "Dangerous Drugs—Seconal capsules amphetamine tablets and Marijuana, a narcotic." The same day the magistrate issued his warrant to search "the premises located and described as 13328 Merkel Ave., Apt. A, Paramont [*sic*], multi-unit apartment, upper and lower levels, green stucco construction" together with the automobile and the persons of the suspects for "Seconal capsules, Amphetamine tablets and Marijuana in both bulk and loose form."

At 6 p.m. on February 27, Deputy Sheriffs Ventor and Natisin, together with other officers, went to the 13328 address to execute the search warrant. They knocked on the door of apartment A but received no response. Respondent's wife arrived while the officers were at the building. She was told that they possessed a search warrant which they were serving upon her. Respondent's wife admitted the officers. Respondent was inside asleep. Within an upstairs bedroom of the apartment, the officers discovered a homemade syringe, a spoon, and a small packet of white paper containing a substance apparently heroin. In a medicine cabinet, they found one gram of what appeared to be hashish, twenty-seven red capsules that appeared to be seconal, and one and one-half tablets resembling amphetamine. They proceeded with respondent to the carport of the building located 75 to 80 feet from the front door. At the back of the carport was a closed and locked cabinet lettered "A." Utilizing keys obtained from respondent, the officers opened the cabinet. The officers found in the cabinet in excess of 10,000 seconal capsules, over 4,000 amphetamine tablets, a triple-beam scale, a container of wax paper bags, and rubber bands.

Respondent was charged with possession of barbituric acid (seconal) for sale, possession of amphetamine for sale, possession of heroin, and possession of marijuana. At his preliminary examination before the same magistrate who issued the warrant, he moved to exclude all evidence found in the carport cabinet on the ground that the cabinet was not included in the premises described in the search warrant and that a warrant-

less search of the cabinet as incident to an arrest with probable cause was precluded by the rule of *Chimel*. The People countered with the argument that the description of the premises to be searched contained in the warrant authorized a search of the cabinet and that in any event respondent had properly and voluntarily consented to that search. There is conflicting evidence on the issue of consent to the search. The magistrate, however, expressly declined to rule on the issue of consent. He admitted the evidence of contraband found in the carport cabinet, reasoning that the warrant authorized a search of that area because the omission of the carport from the description in the search warrant was a clerical error. Respondent was bound over for trial in the superior court.

In the superior court, respondent moved, pursuant to Penal Code section 995, to set aside counts I and II of the information charging possession for sale of barbituric acid and amphetamine. He based his motion upon the ground that those counts were not supported by competent evidence since the search which disclosed the evidence was illegal as outside the scope of the warrant. The trial court granted the motion to set aside the two counts of the information[1] and the People appealed pursuant to Penal Code section 1238, subdivision 1.

Our examination of the record and of authority, none of which was cited by the district attorney to the trial judge, indicates that a search of the carport cabinet was authorized by the search warrant. Hence, we conclude that the order setting aside counts I and II of the information must be reversed.

■ While the affidavit upon which the search warrant in the case at bench is based states probable cause to search the carport area and requests authority for such a search, the warrant as issued describes the premises to be searched as "the premises located and described as 13328 Merkel Ave., Apt. A . . . multi-unit apartment, upper and lower levels. . . ." The case at bench squarely presents the issue of whether such a description authorizes the search of areas appurtenant to the premises specifically described but not expressly included within the description. While there is limited California authority on the point, we conclude that it does.

■ A search warrant must describe the premises to be searched sufficiently so that the officer executing the warrant may, with reasonable effort, ascertain and identify the place intended. (*Steele* v. *United States No. 1*, 267 U.S. 498, 503 [69 L.Ed. 757, 760, 45 S.Ct. 414]; *People* v. *Estrada*, 234 Cal.App.2d 136, 146 [44 Cal.Rptr. 165, 11 A.L.R.3d 1307]; see also *People* v. *Fitzwater*, 260 Cal.App.2d 478, 485-486 [67 Cal.Rptr. 190];

---

[1] Counts III and IV of the information charging possession of heroin and marijuana were not set aside.

Note 11 A.L.R.3d 1330, 1333, and cases there cited.) ▮▮▮ If the description of the premises to be searched is ambiguous, the ambiguity may be resolved by reference to the affidavits supporting the warrant. (*Fry* v. *United States* (9th Cir. 1925) 9 F.2d 38, cert. den. 270 U.S. 646 [70 L.Ed. 15, 46 S.Ct. 347]; *People* v. *DeLago*, 16 N.Y.2d 289 [266 N.Y.S.2d 353, 213 N.E.2d 659], cert. den. 383 U.S. 963 [16 L.Ed.2d 305, 86 S.Ct. 1235]; *Ellison* v. *State*, 186 Tenn. 581 [212 S.W.2d 387]; Note 11 A.L.R. 3d 1330, 1346.)

▮▮▮ In the one California case which we have found which directly discusses an issue similar to that here confronting us, a warrant authorizing the search of "the apartment house occupied by MANUEL ESTRADA at 18 S. 19th Street, San Jose" was held to authorize the search of a garbage can marked "Apartment C," the designation of Estrada's apartment, and located outside the building. (*People* v. *Estrada, supra,* 234 Cal.App.2d 136, 142 [44 Cal.Rptr. 165, 11 A.L.R.3d 1307].) Justice Sullivan, speaking for the court, said: "It seems to us that the officers executing the warrant could, as they apparently did, without confusion or excessive effort, identify the part of the premises to be searched. This was defendant's apartment and the exterior area to which defendant as a tenant had permissible access." (*People* v. *Estrada, supra,* 234 Cal.App.2d 136, 149.)[2]

The rationale of *Estrada* validates the search involved in the case at bench. The description of "Apartment A" must be held to include the carport cabinet marked "A" here as the description in *Estrada* of the apartment occupied by Manuel Estrada was held to include a garbage can marked "C," the designation of his apartment.

▮▮▮ We reach the same result applying general principles of interpretation of the description of premises to be searched contained in a warrant. At most, the description here employed is ambiguous in the sense that there may be a doubt whether the description of "Apartment A" includes the carport cabinet marked "A." That ambiguity is to be resolved by reference to the affidavit supporting the warrant. The affidavit in turn makes clear the fact that the description is intended to include the carport. So interpreted, the description in the warrant is not overly broad. Since it limits the area of search to apartment A and the appurtenance to that apartment in the form of the carport cabinet expressly identified with it, there is no danger of intrusion upon the rights of persons other than re-

---

[2]Dictum in another California case states: "Ordinarily a search warrant covers the curtilage *and appurtenances* of the place described." (*People* v. *Fitzwater*, 260 Cal. App.2d 478, 486 [67 Cal.Rptr. 190].)

spondent occupying the multiple unit dwelling. (Cf. *People* v. *Gorg,* 157 Cal.App.2d 515 [321 P.2d 143].)

The order of the superior court setting aside counts I and II of the information is reversed.

Wood, P. J., and Lillie, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied September 22, 1971.