[Crim. No. 5463. Fourth Dist., Div. One. May 2, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL JOSEPH PECK, Defendant and Appellant.

## COUNSEL

Philip N. Andreen, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Conrad D. Petermann and Jeffrey A. Joseph, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**AULT, J.**—Appellant Michael Joseph Peck and two codefendants were indicted on four counts: offering to sell marijuana (Health & Saf. Code, § 11531, now § 11360); possession of marijuana for sale (Health & Saf. Code, § 11530.5, now § 11359); possession of restricted dangerous drugs (Health & Saf. Code, § 11910, now § 11377); and possession of paraphernalia (Health & Saf. Code, § 11555, now § 11364). After the denial of his motion to suppress evidence pursuant to Penal Code section 1538.5 (based on a grand jury transcript introduced on stipulation), Peck pleaded

guilty to possession of marijuana (Health & Saf. Code, § 11530, now § 11357), a lesser included offense under Count II. The remaining counts against him were dismissed on motion of the People. He appeals from the judgment (order granting probation).

All issues on appeal stem from the nighttime search of a residence in a duplex pursuant to a telephonic search warrant based upon information supplied to a San Diego police officer by an undisclosed informant. Peck challenges the issuance, form and execution of the warrant.

## FACTS

The telephonic warrant authorizing nighttime search of Peck's residence at 1482 Holly Avenue, Imperial Beach, was issued at 10:45 p.m. on September 19, 1972, on the basis of a three-way telephone conversation between Police Officer Becker, a deputy district attorney and a municipal court judge.

During the conversation Becker stated under oath in part as follows: he had received information from a confidential informant whom he knew to be reliable for stated reasons; "within the past three days, the confidential, reliable informant has seen numerous kilos of marijuana within the residence, at 1482 Holly Avenue"; night service was necessary "to avoid the loss of the evidence due to sale or destruction. It is my information from the informant that they are selling kilos of marijuana at this time."

When asked to describe the "target premises" Officer Becker at first replied: "The premise[s] is located at and described as 1482 Holly Avenue, Imperial Beach, a single-story duplex, stucco and wood, tan in color, with the residence being at the east end of the building, with the numbers 1482 located at the right of the door. This above described duplex being located on the northwest corner, 15th and Holly, in Imperial Beach, including all rooms, yards, garages, storage and refuse areas at said premises." Later in the conversation Becker, while still under oath, stated he wanted to search only one-half of the duplex and any garage which he could tie to that half.

The judge gave Becker permission to issue a duplicate original telephonic warrant, to insert the word "night" and to sign the judge's name to the duplicate warrant.

Becker printed the judge's name on a telephonic search warrant form, signing his own name on the line below preceded by the word "By." The body of the warrant authorized the search "at any time of the day or

night" and contained descriptions of the premises to be searched and property sought, virtually identical to Becker's oral statements to the judge.

At 11:42 that night the warrant was executed. Officer Becker went to the front door at 1482 Holly and knocked several times. Although the residence was lighted, he received no response. He knocked again, identified himself, announced his purpose and demanded entrance. He repeated the procedure two more times and then forced the door open. The residence proved to be unoccupied. Officers found substantial quantities of marijuana and other contraband inside the residence. Before morning Peck and his two codefendants appeared at the residence and were placed under arrest.

Officer Becker's telephone conversation with the judge was transcribed on September 20, the day after the search. On September 21 the judge filed the original tape recording, the transcription, the original search warrant (which he had signed and dated), and also the duplicate original signed by Becker.

CONTENTIONS

Defendant contends the telephonic warrant was defective in the following respects:

1. The warrant was issued before the police officer's oral statement to the magistrate had been transcribed, in violation of Penal Code sections 1525 and 1526;

2. If these statutes are construed to permit such a procedure, the procedure violates the Fourth and Fourteenth Amendments;

3. No justification for use of a telephonic warrant was given or considered;

4. The warrant did not limit the search to a particular dwelling and was constitutionally broad;

5. The warrant was not "signed";

6. There was an insufficient showing of "good cause" to issue a nighttime warrant as the *Aguilar* two-prong test should be applied; and

7. Even if the nighttime warrant was proper when issued, by the time of execution nighttime service was no longer justified due to changed conditions.

## Discussion

### I. Whether the Oral Statement Must Be Transcribed Before the Warrant Can Be Issued

Penal Code section 1525 provides that a search warrant can only be issued upon probable cause supported by affidavit. Penal Code section 1526, subdivision (a) requires the magistrate to take the affidavit in writing *before* issuing the warrant.

In 1970 the Legislature enacted Penal Code section 1526, subdivision (b) which provides in pertinent part as follows: "In lieu of the written affidavit required in subdivision (a), the magistrate may take an oral statement under oath which shall be recorded and transcribed. The *transcribed* statement shall be deemed to be an affidavit for the purposes of this chapter. In such cases, the recording of the sworn oral statement and the transcribed statement shall be certified by the magistrate receiving it and shall be filed with the clerk of the court." (Italics added.)

■ To support his contention a warrant may not issue until the recorded statement has been transcribed, appellant points to the portion of subdivision (b) which reads: "The transcribed statement shall be deemed to be an affidavit for the purposes of this chapter." Since subdivision (a) requires the magistrate to take the affidavit in writing before issuing a warrant, he argues the recorded statement must be transcribed before it can serve the same purpose.

We disagree. To so interpret the code section would stultify the apparent purpose of the 1970 legislation and render superfluous the procedures established by it. If police officers in the field, possessing information requiring prompt action to prevent crimes and protect the public, are to be encouraged to seek warrants rather than to act upon their own initiative, the statute should not be interpreted as appellant urges.

The statute should be interpreted to promote rather than defeat the general purposes and policies of the law and to produce a result that is reasonable. (*Alford* v. *Pierno,* 27 Cal.App.3d 682, 688 [104 Cal.Rptr. 110].) "The apparent purpose of a statute will not be sacrificed to a literal construction." (*Ibid.*)

Following well established rules governing the construction of statutes, we conclude the purpose of that portion of the statute relied upon by appellant is not to require transcription of the recorded statement before a warrant issues, but to make the transcribed statement the equivalent of an affidavit if an accused challenges the validity of the warrant under pro-

cedures set forth in other sections of the same chapter. (Pen. Code, § 1538.5.) The transcription requirement of subdivision (b) of Penal Code section 1526 is not a condition precedent to issuing a warrant, and that duty, like the requirements of certification and filing with the clerk, may be performed at a later time so long as it is done promptly and the transcribed statement is available to any accused who wishes to challenge its sufficiency and the validity of the warrant.[1]

## II. The Constitutionality of the Telephonic Search Warrant Statute

■ Both the Fourth Amendment of the Constitution of the United States and its counterpart in the California Constitution (art. I, § 19), provide no search warrant shall issue except upon probable cause, supported by oath or affirmation. Neither requires the presentation of a written affidavit or declaration as a prerequisite to the issuance of a warrant. Nevertheless, relying upon language found in *Berger* v. *New York*, 388 U.S. 41, 60 [18 L.Ed.2d 1040, 1053, 87 S.Ct. 1873, 1884], appellant contends the California telephonic search warrant statute is unconstitutional because it permits issuance of a warrant without "adequate judicial supervision or protective measures." A careful reading of the *Berger* decision reveals that the California telephonic search warrant statute contains none of the deficiencies found to exist in the New York eavesdropping statute under consideration there.

Under the California statutory procedure, a magistrate may issue a telephonic search warrant only upon a sworn statement showing the existence of probable cause. The statement must be recorded, the magistrate must cause the recorded statement to be transcribed, and he must certify the transcribed statement as correct. Both the recording and the certified transcription must be filed with the clerk, where they are available to an accused who wishes to challenge their sufficiency to support the warrant. We find no infirmity in the statute because it permits the magistrate to

---

[1] Appellant relies upon *Charney* v. *Superior Court*, 27 Cal.App.3d 888 [104 Cal. Rptr. 213], to support his contention a warrant may not issue until such time as the recorded sworn statement of the police officer has been transcribed. In *Charney*, this court held the magistrate's summary of the officer's telephonic statement did not meet the requirements of subdivision (b) of Penal Code section 1526, but the case does not stand for the proposition urged here. More in point is the recent case of *Bowyer* v. *Superior Court*, 37 Cal.App.3d 151 [112 Cal.Rptr. 266], where, although the search was invalidated on other grounds, the court indirectly held the sworn, recorded telephonic declarations of a police officer were sufficient to uphold issuance of a warrant although they were not transcribed until the following day (p. 162). The specific issue raised here was not considered or discussed in either *Charney* or *Bowyer*.

make a determination of probable cause (and the sufficiency of the statement in other respects) on the basis of oral statements transmitted by telephone. Magistrates must frequently determine probable cause and make other significant rulings on oral testimony. In our view the telephonic search warrant statute provides for adequate judicial supervision and control and sufficient protective measures to withstand constitutional challenge.

### III. NO JUSTIFICATION NEED BE SHOWN FOR A TELEPHONIC WARRANT

■ Appellant contends special or unusual facts justifying its use must be shown before a magistrate can issue a telephonic warrant. No such requirement is contained in the statute. The fact it provides the magistrate "may" issue a telephonic warrant gives rise to no implication special circumstances must be shown. The matter is left to the magistrate's wide discretion. Had the Legislature intended a requirement of special circumstances or good cause, it would have written it into the statute (see, e.g., Pen. Code, § 1533 in the same chapter, requiring a showing of *good cause* before ". . . the magistrate may, in his discretion, insert a direction in a search warrant that it may be served at any time of the day or night."). The record reflects this warrant was sought at 10:45 p.m. No abuse of discretion is shown.

### IV. WHETHER THE DESCRIPTION OF THE PLACE TO BE SEARCHED WAS DEFECTIVE

■ The warrant described the place to be searched in the language used by Officer Becker in his oral statement as quoted above. Appellant contends the warrant was invalid because it authorized search of the entire duplex while probable cause to search was furnished only as to one-half of it. (See *People* v. *Govea,* 235 Cal.App.2d 285, 299-301 [45 Cal.Rptr. 253].)

We reject the contention. ■ A search warrant must describe the place to be searched with particularity. (U. S. Const., 4th Amend.; Cal. Const., art. I, § 19; Pen. Code, § 1525.) This means it must sufficiently describe the premises to be searched so that the officer executing the warrant may, with reasonable effort, ascertain and identify the place intended. (*People* v. *Grossman,* 19 Cal.App.3d 8, 11 [96 Cal.Rptr. 437].) If the description is ambiguous, the ambiguity may be resolved by reference to the affidavits supporting the warrant. (*Ibid.,* p. 12.) ■ In this case, since the warrant was issued telephonically, reference may be made to Becker's oral statement which makes it clear he sought only to search the east one-half of the duplex, the residence numbered 1482 Holly Avenue.

Appellant was not prejudiced by the ambiguity. Becker searched only one-half of the duplex and all the contraband was found there.

## V.  OTHER CONTENTIONS

Appellant's other contentions are without merit. ■   The warrant was not invalid because Becker printed the judge's name above his own signature. There is no requirement a signature be in cursive writing; printing suffices. (*Ligare* v. *California S. R. R. Co.,* 76 Cal. 610, 611 [18 P. 777]; *Williams* v. *McDonald,* 58 Cal. 527.) In fact, printing was preferable under the circumstances because it clearly showed the signature of the judge was by the police officer as his agent.

■   Good cause was shown for nighttime service. An informant, known to be reliable, reported that sales of marijuana were going on at the time. The fact no one answered the door when the officer knocked did not make nighttime execution of the warrant improper. The lights of the dwelling were on and the police had no way of knowing whether the house was in fact occupied. In any event, the warrant was to search the dwelling, not the occupants.

The judgment is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 10, 1974.