[No. A023931. First Dist., Div. Three. Feb. 22, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
THOMAS FLANNERY, Defendant and Appellant.

**COUNSEL**

Cooper & Arguedas, John Steinberg, Ted W. Cassman and Penelope M. Cooper for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Thomas A. Brady and Derald E. Granberg, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

ANDERSON, J.*—Defendant, Thomas Flannery (appellant), appeals from a judgment of conviction finding him guilty of unlawful possession of various weapons (Pen. Code, §§ 12020, 12021) and possession of narcotics for sale (Health & Saf. Code, § 11378).

On September 11, 1982, the municipal court judge issued a search warrant authorizing the search of two motor vehicles, the premises located at 158 Belle Avenue, Pleasant Hill, and the person of appellant. The affiant on the search warrant was Robert Caskey, a sergeant with the Walnut Creek Police Department. A substantial part of the information which is contained in Caskey's affidavit in support of the search warrant was obtained from a confidential informant. Attachment 2 thereto, which provided data regarding the reliability of the confidential informant and constituted a part of the affidavit, was ordered sealed by the magistrate to prevent disclosure of the informant's identity.

The search warrant was executed at 158 Belle Avenue, Pleasant Hill, on September 11, 1982. One of the officers participating in its execution went to the front door of the residence, knocked loudly at the door, announced

---

*Assigned by the Chairperson of the Judicial Council.

that he was a police officer and that he had a search warrant for the search of the residence and waited for a few moments. After he heard running toward the rear portion of the residence, he knocked again and announced his identity and purpose anew. Thereafter, the officers forcibly opened the door of the residence and entered. They found appellant and one other person, Kimberly Hedge, in the residence. Appellant was in the master bedroom.

A search of the residence disclosed, among other items, a Colt AR-15 rifle, a Harrington & Richards .38 caliber pistol, a Beratta .380 caliber and two clips loaded with hollow-point ammunition in a black pistol case, and a quantity of methamphetamine. Because of the quantity of methamphetamine and the fact the officers also found packaging materials, a mixer and several scales, it was the opinion of an officer that the methamphetamine was possessed for sale.

At the preliminary hearing, appellant called Sergeant Caskey as his witness to examine him in connection with the affidavit for the search warrant and to seek disclosure of the confidential informant. When Sergeant Caskey was asked the identity of the informant, he refused to answer and asserted a claim of privilege. Defense counsel then requested an *in camera* hearing to resolve two issues, that is, whether the confidential informant was a material witness on the issue of guilt and whether the informant was reliable.

After reviewing the sealed portion of the search warrant affidavit *in camera,* the magistrate found that the informant was reliable. Thereafter, the magistrate ordered the sealed portion of the affidavit to be resealed and not to be opened again without a court order.

At a later time, the court conducted an *in camera* hearing to determine whether the informant was a material witness on the issue of guilt. Because the informant was located out-of-state, a telephone call was placed to the informant who was located at a police agency and was accompanied by a police officer. The magistrate was at the Walnut Creek Police Department with the district attorney. After the informant was sworn by the magistrate, he was questioned by the district attorney with the court reporter transcribing the conversation. During the questioning a videotape was made of the informant. The videotape was thereafter sent to the magistrate who reviewed it. Employing this procedure the magistrate found that the confidential informant was not a material witness on the issue of guilt and that his identity need not be disclosed. Consistent therewith, the videotape taken of the *in camera* proceeding was also ordered sealed.

In the superior court appellant moved to set aside the information and to suppress evidence pursuant to Penal Code sections 995 and 1538.5, alleging in essence that the *in camera* proceeding on the reliability of the informant was unlawful and that the latter issue should have been determined upon evidence received in open court. Following a hearing the trial court denied both motions.

Thereafter, appellant was found guilty by the court as charged. Based on the probation report, the trial court suspended the imposition of sentence and placed appellant on three years' probation on various conditions including serving one year in county jail.

Appellant does not contend on appeal that the ruling of the trial court that the confidential informant was not a material witness on the issue of guilt and that his/her identity need not be disclosed is erroneous. Neither does he argue that the novel, videotaped *in camera* proceeding conducted pursuant to Evidence Code[1] section 1042, subdivision (d), to decide that issue was improper or defective. Appellant's sole contention on appeal is that the *in camera* proceeding in course of which the reliability of the confidential informant was determined, was unlawful inasmuch as both the statutory and the case law require that the issue of reliability be established upon evidence produced in open court. (§ 1042, subd. (c); *Parsley* v. *Superior Court* (1973) 9 Cal.3d 934 [109 Cal.Rptr. 563, 513 P.2d 611].) Based upon these authorities appellant claims that the search warrant was invalid, which vitiated the ensuing search and seizure as well. For reasons which follow, we do not agree with appellant and affirm the judgment.

First, it bears emphasis that the search and seizure in the present case took place pursuant to a search warrant issued by a magistrate. Thus, the controlling statute is subdivision (b) of section 1042 which provides in relevant part that "*where a search is made pursuant to a warrant valid on its face, the public entity* bringing a criminal proceeding *is not required to reveal* to the defendant *official information or the identity of an informer in order to establish the legality of the search* or the admissibility of any evidence obtained as a result of it." (Italics added.)

The underlying policy reasons protecting the identity of confidential informers are spelled out in both federal and state law. Thus, in citing Professor Wigmore, the United States Supreme Court described the policy behind the informant privilege as follows: "'A genuine privilege, on . . . fundamental principle . . ., must be recognized for the *identity of persons supplying the government with information concerning the commission of*

---

[1]Unless otherwise indicated, all statutory references are to the Evidence Code.

*crimes*. Communications of this kind ought to receive encouragement. They are discouraged if the informer's identity is disclosed. Whether an informer is motivated by good citizenship, promise of leniency or prospect of pecuniary reward, he will usually condition his cooperation on an assurance of anonymity—to protect himself and his family from harm, to preclude adverse social reactions and to avoid the risk of defamation or malicious prosecution actions against him. The government also has an interest in nondisclosure of the identity of its informers. Law enforcement officers often depend upon professional informers to furnish them with a flow of information about criminal activities. Revelation of the dual role played by such persons ends their usefulness to the government and discourages others from entering into a like relationship.'" (*McCray* v. *Illinois* (1967) 386 U.S. 300, 308-309 [18 L.Ed.2d 62, 69, 87 S.Ct. 1056]; see also 8 Wigmore, Evidence (McNaughton rev. 1961) § 2374, original italics.)

The same principle has been reiterated in *People* v. *Gonzales* (1955) 136 Cal.App.2d 437 [288 P.2d 588] (disapproved on other grounds in *People* v. *McShann* (1958) 50 Cal.2d 802, 808 [330 P.2d 33]), where the court stated: "It is clear that the public interest would suffer if the disclosure were compelled of the names of those citizens who inform public officers of violations of law and who assist such officers in the performance of their duty to apprehend law violators. A citizen who knows that the fact would be made public that he had disclosed such information to public officers may be loath to cooperate in the administration of justice by exercising his right and duty to make such disclosures because he would justifiably believe himself to be in danger of physical violence from those upon whom he had informed, as well as in danger of actions of slander and malicious prosecution." (At p. 441.)

■ Consistent therewith, the cases have repeatedly held that the disclosure of the identity of the informant, who supplied probable cause for the issuance of a search warrant, is not required where the disclosure is sought merely to aid in attacking probable cause. (*People* v. *Borunda* (1974) 11 Cal.3d 523, 527 [113 Cal.Rptr. 825, 522 P.2d 1]; *People* v. *Keener* (1961) 55 Cal.2d 714, 723 [12 Cal.Rptr. 859, 361 P.2d 587]; *Cooper* v. *Superior Court* (1981) 118 Cal.App.3d 499, 508-509 [173 Cal.Rptr. 520].)

■ In the case at bench the record establishes that the search in dispute was conducted pursuant to a warrant valid on its face. It is likewise undisputed that the confidential informant was not a material witness on the issue of guilt and that the disclosure was sought merely to attack probable cause. Moreover, a review of the informant's sealed affidavit (which constitutes a part of the record on appeal) persuades us beyond any doubt that the disclosure of the information contained in the sealed affidavit would have au-

tomatically disclosed also the identity of the informant. Under these circumstances the case falls clearly within both the letter and spirit of section 1042, subdivision (b), authorizing the court to deny to disclose the identity of the informant as well as the information, and also to determine the reliability of the informant by way of *in camera* rather than open court proceeding.

Second, the conclusion that the trial court was justified in sealing the affidavit of the confidential informant and deciding his reliability *in camera* is buttressed not only by section 1042, subdivision (b), but also other provisions of the Evidence Code as well.

Section 1040, subdivision (b) provides that "*A public entity has a privilege to refuse to disclose official information,* and to prevent another from disclosing such information, *if* the privilege is claimed by a person authorized by the public entity to do so and:

". . . . . . . . . . . . . . . . . . . . . .

"(2) *Disclosure of the information is against the public interest* because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice. . . ." (Italics added.)

Even more to the point, section 915 authorizes an *in camera* proceeding and sealing of confidential information by providing that "(b) *When a court is ruling on a claim of privilege under Article 9* (commencing with Section 1040) of Chapter 4 (official information and identity of informer) . . . *and is unable to do so without requiring disclosure of the information* claimed to be privileged, *the court may require the person* from whom disclosure is sought or the person authorized to claim the privilege, or both, *to disclose the information in chambers* out of the presence and hearing of all persons except the person authorized to claim the privilege and such other persons as the person authorized to claim the privilege is willing to have present. If the judge determines that the information is privileged, neither he nor any other person may ever disclose, without the consent of a person authorized to permit disclosure, what was disclosed in the course of the proceedings in chambers." (Italics added.) This is in harmony with section 1042, subdivision (d), which sets out an elaborate scheme in conducting *in camera* proceedings to determine whether the confidential informant is a material witness on the issue of guilt and whether his or her identity should be

disclosed to the defendant.[2] ■ It is, of course, elementary that a statute must be considered as a whole and all parts harmonized so far as possible. (*In re Bandmann* (1958) 51 Cal.2d 388, 393 [333 P.2d 339]; *Erlich* v. *Municipal Court* (1961) 55 Cal.2d 553, 558 [11 Cal.Rptr. 758, 360 P.2d 334]; *People* v. *Superior Court* (1962) 199 Cal.App.2d 303, 308 [18 Cal.Rptr. 557].)

■ Third, appellant's reliance on section 1042, subdivision (c), is obviously misplaced. While this subdivision provides that the reliability of the confidential informant must be established upon evidence presented in open court,[3] pursuant to the interpretation of case law subdivision (c) applies only to search or arrest made upon probable cause without a warrant.

The case especially in point is *Cooper* v. *Superior Court, supra,* 118 Cal.App.3d 499. In *Cooper,* a portion of the affidavit supporting the search warrant was sealed by the court. Petitioners, similar to appellant here, contended that since they were not able to challenge the reliability of the informant, the search warrant was invalid. In rejecting petitioners' argument the court underlined that the case was governed by section 1042, subdivision

---

[2]Section 1042, subdivision (d), sets forth that "When in any such criminal proceeding, a party demands disclosure of the identity of the informant on the ground the informant is a material witness on the issue of guilt, the court shall conduct a hearing at which all parties may present evidence on the issue of disclosure. Such hearing shall be conducted outside the presence of the jury, if any. During the hearing, if the privilege provided for in Section 1041 is claimed by a person authorized to do so or if a person who is authorized to claim such privilege refuses to answer any question on the ground that the answer would tend to disclose the identity of the informant, the prosecuting attorney may request that the court hold an in camera hearing. If such a request is made, *the court shall hold such a hearing outside the presence of the defendant and his counsel. At the in camera hearing, the prosecution may offer evidence which would tend to disclose or which discloses the identity of the informant to aid the court in its determination whether there is a reasonable possibility that nondisclosure might deprive the defendant of a fair trial.* A reporter shall be present at the in camera hearing. *Any transcription of the proceedings at the in camera hearing,* as well as any physical evidence presented at the hearing, *shall be ordered sealed by the court, and only a court may have access to its contents.* The court shall not order disclosure, nor strike the testimony of the witness who invokes the privilege, nor dismiss the criminal proceeding, if the party offering the witness refuses to disclose the identity of the informant, unless, based upon the evidence presented at the hearing held in the presence of the defendant and his counsel and the evidence presented at the in camera hearing, the court concludes that there is a reasonable possibility that nondisclosure might deprive the defendant of a fair trial." (Italics added.)

[3]Section 1042, subdivision (c) reads *in haec verba:* "*Notwithstanding subdivision (a),* in any preliminary hearing, criminal trial, or other criminal proceeding, any otherwise admissible evidence of information communicated to a peace officer by a confidential informant, who is not a material witness to the guilt or innocence of the accused of the offense charged, is admissible *on the issue of reasonable cause to make an arrest or search* without requiring that the name or identity of the informant be disclosed if the judge or magistrate is satisfied, *based upon evidence produced in open court,* out of the presence of the jury, that such information was received from a reliable informant and in his discretion does not require such disclosure." (Italics added.)

(b), which pertains to a search made pursuant to a warrant. The court drew a definite distinction between a warranted and warrantless search and emphasized that the Legislature has clearly established a different procedure under subdivision (b) for testing the informant's reliability as established by the affidavit to a search warrant, than that under subdivision (c) for challenging probable cause to make a warrantless arrest or search. Citing *People v. Keener, supra,* 55 Cal.2d 714, 722-723, the court pointed out that "If a search is made pursuant to a warrant valid on its face and the only objection is that it was based on information given to a police officer by an unnamed informant, there is substantial protection against unlawful search and the necessity of applying the exclusionary rule in order to remove the incentive to engage in unlawful searches is not present. The warrant, of course, is issued by a magistrate, not by a police officer, and will be issued only when the magistrate is satisfied by the supporting affidavit that there is probable cause. He may, if he sees fit, require disclosure of the identity of the informant before issuing the warrant or require that the informant be brought to him. The requirement that an affidavit be presented to the magistrate and his control over the issuance of the warrant diminish the danger of illegal action. . . ." Based upon this premise the court concluded that " '*where a search is made pursuant to a warrant valid on its face, the prosecution is not required to reveal the identity of the informer in order to establish the legality of the search and the admissibility of the evidence obtained as a result of it.*' " (*Cooper* v. *Superior Court, supra,* 118 Cal.App.3d at pp. 508-509, italics added.)

Moreover, the conclusion that the proceeding set out in subdivision (c) applies only to a warrantless search or arrest is buttressed also by the canons of statutory construction. ■ It is well settled that in interpreting particular words, phrases or clauses in a statute "the entire substance of the statute or that portion relating to the subject under review should be examined in order to determine the scope and purpose of the provision containing such words, phrases or clauses." (*West Pico Furniture Co.* v. *Pacific Finance Loans* (1970) 2 Cal.3d 594, 608 [86 Cal.Rptr. 793, 469 P.2d 665]; see also *Tripp* v. *Swoap* (1976) 17 Cal.3d 671, 679 [131 Cal.Rptr. 789, 552 P.2d 749], overruled on other grounds in *Frick* v. *Prod* (1982) 31 Cal.3d 166, 180 [181 Cal.Rptr. 893, 643 P.2d 476].) ■ When so read the plain language of section 1042 reveals that of the three exceptions to subdivision (a), subdivision (b) relates to a search pursuant to a valid warrant; subdivision (c) relates to the issue of reasonable cause to make an arrest or search; and subdivision (d) relates to the determination whether the confidential informant is a material witness on question of guilt. It is also noteworthy that subdivision (c) is prefaced "notwithstanding subdivision *(a)*" (italics added) which means that it purports to carve out an exception only to subdivision (a) without affecting the rules laid down in subdivision (b).

We likewise observe that contrary to appellant's argument, the specific statute is not subdivision (c) but rather subdivision (b) which regulates the disclosure requirement in case of search pursuant to a warrant. ■ It is, of course, axiomatic that where, as here, a general and specific statute conflict, the specific provisions prevail over the general ones. (*People* v. *Jenkins* (1980) 28 Cal.3d 494, 501-502 [170 Cal.Rptr. 1, 620 P.2d 587]; *In re Williamson* (1954) 43 Cal.2d 651, 654 [276 P.2d 593].)

Fourth, *Parsley* v. *Superior Court, supra,* 9 Cal.3d 934, upon which appellant primarily relies, is distinguishable from the case at bench. In *Parsley* the trial court did not hold an *in camera* proceeding in order to determine the reliability of the confidential informant and there was no indication that the court correctly exercised its discretion in determining the informant's reliability. In addition, and even more to the point, there was no claim in *Parsley* that the evidence supporting reliability would ipso facto reveal the identity of the informant in contradiction with not only subdivision (b) but also subdivision (c) of section 1042. ■ Thus, the case at bench falls squarely within the well-settled rule that if where, as here, disclosure of the contents of the informant's statement would necessarily reveal his identity, the privilege of nondisclosure attaches both as a matter of statute and sound legal policy. (8 Wigmore, Evidence, *supra,* at p. 765; McCormick, Evidence (2d ed. 1972) at p. 237.)

■ In sum, we hold that the *in camera* proceeding conducted herein to determine the reliability of the informant was legally correct. The innovative procedure employed by the trial court in videotaping a part of the *in camera* long-distance interrogation in determining whether the informant was a material witness served well to insure the accuracy of the magistrate's determination of credibility, preserve an accurate record for review and simultaneously, to protect the interest of the People in effecting their privilege. Such innovation is indeed in the furtherance of justice and protects well the legitimate interests of both the accused and the People.

The judgment is affirmed.

Scott, Acting, P. J., and Barry-Deal, J., concurred.

A petition for a rehearing was denied March 19, 1985, and appellant's petition for a hearing by the Supreme Court was denied April 24, 1985.