[No. A044071. First Dist., Div. Four. June 7, 1989.]

MICHAEL TODD SWANSON et al., Petitioners, v.
THE SUPERIOR COURT OF CONTRA COSTA COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Glenn H. Heine, Scott Concklin and R. Mark Rose for Petitioners.

No appearance for Respondent.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Stan M. Helfman and Jeffrey M. Bryant, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**PERLEY, J.**—Michael Todd Swanson and Gustau Swanson petition this court for a writ of prohibition following the denial of their motion pursuant to Penal Code[1] section 995. They contend that their motion to quash search warrants of their residences should have been granted on the ground that the affidavit supporting the warrants was sealed in its entirety. ██ ██ ██ ██ We agree and also conclude that the good faith of the executing officers does not preclude suppression of the evidence seized.[2]

On December 18, 1985, a complaint was filed against both petitioners charging possession of methamphetamine for sale in violation of Health and Safety Code section 11378 and possession of marijuana for sale in violation of Health and Safety Code section 11359. The offenses were alleged to have

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

[2] The Attorney General has informed this court in a postargument letter that the district attorney wishes to move to dismiss the information against petitioners with prejudice in the interests of justice. The Attorney General moves this court to amend its alternative writ of prohibition to permit the filing of a motion to dismiss the information in the trial court and contends that dismissal of the information would render these writ proceedings moot. We do not agree with the Attorney General that the proceedings before this court should be dismissed as moot. Although dismissal of the information would render moot the specific relief requested, the issues presented by the petition are of public interest and likely to recur. This court would, therefore, exercise its inherent discretion to guide the courts in future cases presenting similar questions. (See *People v. Mancheno* (1982) 32 Cal.3d 855, 859, fn. 1 [187 Cal.Rptr. 441, 654 P.2d 211].) The motion to amend the alternative writ is denied.

occurred on or about November 7, 1985. Both petitioners filed motions to quash pursuant to section 1538.5 to be heard at the preliminary hearing.

The preliminary hearing was held on June 18, 1986. Officer Myers testified that on November 7, 1985, he served a search warrant at 1948 Acacia Street in Antioch, the residence of Michael Swanson, and that he seized a small quantity of marijuana and methamphetamine.

Officer Dorrian testified that on the same date, he served a search warrant at 1500 Marshall Street in Antioch, the residence of Gustau Swanson, where a safe was seized which contained two large bags of marijuana and approximately one pound of methamphetamine.

The search warrants involved were both signed by the magistrate on November 4, 1985. They recite that proof of probable cause to search was made by affidavit before the magistrate by Detective Myers and Detective Dorrian. No affidavits as to probable cause are attached to the warrants.

Officer Dorrian testified that he secured both warrants on the basis of information from an untested informant and after a hearing at which he and the informant appeared before the magistrate. He testified that he couldn't remember discussing the facts with Officer Myers but he thought Myers had "picked up something" as to the facts supporting the warrant. Myers stated he discussed the contents of the affidavit with Dorrian prior to the search.

During argument it appeared that the hearing before the magistrate issuing the search warrants had not been transcribed. The examining magistrate asked for briefing addressed to this fact and on August 8, 1986, he granted the motion to suppress and dismissed the complaint. On November 21, 1986, the People refiled the complaint. The parties agreed to submit the probable cause determination on the transcript of the June 18, 1986, preliminary hearing, with the People requesting that the examining magistrate take judicial notice of the oral affidavit which had been transcribed and petitioners renewing their motion to suppress. On August 8, 1988, the magistrate took judicial notice as requested by the People, denied the suppression motion and bound petitioners over to superior court.

An information was filed and on September 22, 1988, petitioners filed a motion to dismiss pursuant to section 995. Petitioners both raised the challenge to sealing the affidavit in its entirety and Michael Swanson attacked the sufficiency of the evidence to hold him to answer. By written ruling dated October 19, 1988, respondent court indicated it had read the sealed affidavit in camera and denied the motion to dismiss.

Petitioners challenged the ruling by the instant petition for writ of prohibition. The People filed opposition and a "Motion to Augment Record/Request for Judicial Notice Under Seal." ▮▮▮▮ This court ordered respondent court to transmit a certified copy of the oral affidavit under seal.[3]

*May an affidavit supporting a search warrant be sealed in its entirety?*

"A search warrant is an order in writing, in the name of the people, signed by a magistrate, directed to a peace officer, commanding him to search for personal property, and bring it before the magistrate." (§ 1523.) Section 1525 provides that a search warrant can only be issued upon probable cause supported by affidavit. Section 1526, subdivision (a) requires the magistrate to take the affidavit in writing *before* issuing the warrant. In 1970, the Legislature enacted section 1526, subdivision (b) which provides that a magistrate may take an oral statement under oath in lieu of a written affidavit.[4]

▮ When an oral statement is used in lieu of a written affidavit, it need not be transcribed prior to the issuance of the warrant. The purpose of transcription is "to make the transcribed statement the equivalent of an affidavit if an accused challenges the validity of the warrant under proce-

---

[3] Given our conclusion that the writ of prohibition must be granted on the ground that the affidavit supporting the warrants was sealed in its entirety, we need not consider whether that affidavit established probable cause for the searches. However, we have read the sealed transcript. We first note that the oral affidavit was not properly sealed. The authority for sealing derives from the privilege of Evidence Code section 1041. That section provides that a public entity has a privilege to refuse to disclose the identity of an informer if disclosure "is against the public interest because there is a necessity for preserving the confidentiality of his identity . . . ." (*Id.,* § 1041, subd. (a)(2).) The privilege applies "only if the information is furnished in confidence . . . ." (*Id.,* § 1041, subd. (b).) The hearing in this case did not establish that the confidential informant furnished the information in confidence. Nor did it establish that any necessity existed for preserving the confidentiality of the informant. The magistrate apparently assumed that these facts existed and ordered the sealing upon request of the People.

We are also of the view, after examining the sealed transcript, that the People did not establish probable cause for the issuance of the warrants. The "affidavit" is seriously deficient in establishing either the basis of the knowledge of the informant or the veracity of the informant.

[4] Subdivision (b) of section 1526 provides as follows: "(b) In lieu of the written affidavit required in subdivision (a), the magistrate may take an oral statement under oath which shall be recorded and transcribed. The transcribed statement shall be deemed to be an affidavit for the purposes of this chapter. In such cases, the recording of the sworn oral statement and the transcribed statement shall be certified by the magistrate receiving it and shall be filed with the clerk of the court. In the alternative in such cases, the sworn oral statement shall be recorded by a certified court reporter and the transcript of the statement shall be certified by the reporter, after which the magistrate receiving it shall certify the transcript which shall be filed with the clerk of the court."

dures set forth in other sections of the same chapter. (Pen. Code, § 1538.5.) The transcription requirement of subdivision (b) of section 1526 is not a condition precedent to issuing a warrant, and that duty, like the requirements of certification and filing with the clerk, may be performed at a later time so long as it is done promptly and the transcribed statement is available to any accused who wishes to challenge its sufficiency and the validity of the warrant." (*People v. Peck* (1974) 38 Cal.App.3d 993, 998-999 [113 Cal.Rptr. 806], fn. omitted.)

The sealing of the transcript of the oral affidavit arises from the privilege which allows the People to conceal the identity of an informant. (Evid. Code, § 1041.) ■ When the search warrant is supported by a written affidavit, the privilege is ordinarily protected by not identifying the informant by name in the affidavit rather than by sealing the affidavit. Even though the informant is not named, sufficient information must be given in the written affidavit to establish that the information given by the informant is reliable. This may necessitate limiting the details which might reveal identity. However, even then the affiant "must nonetheless include as much detail as practicable and must at least state generally that specific grounds for suspicion exist." (*People v. Kurland* (1980) 28 Cal.3d 376, 395, fn. 12 [168 Cal.Rptr. 667, 618 P.2d 213].) A magistrate who wishes further information may require that the informant be produced or his identity disclosed in order to evaluate fully the existence of probable cause. (*Ibid.*; see also *Skelton v. Superior Court* (1969) 1 Cal.3d 144 [81 Cal.Rptr. 613, 460 P.2d 485].)

This well-established procedure where written affidavits are used suggests that information in an oral affidavit which identifies a confidential informant may be concealed from the defendant. It also suggests means by which that may be accomplished, starting first with the concealment of the name of the informant and proceeding, where necessary, to concealment of details which might identify the informant by taking these details in a manner which would permit their exclusion from that portion of the affidavit which is made public. Nothing in the procedure where written affidavits are used suggests that the oral affidavit may be sealed in its entirety.

Both parties refer to the case of *People v. Flannery* (1985) 164 Cal.App.3d 1112 [210 Cal.Rptr. 899]. *Flannery* involved a search warrant supported by a written affidavit, a substantial portion of which was information from a confidential informant. An attachment to the affidavit contained information regarding the reliability of the confidential informant. This attachment was sealed and a reading of the attachment convinced the reviewing court that the disclosure of the information it contained would have disclosed the

identity of the informant. At the preliminary hearing, the defense sought to obtain the identity of the informant. This was refused and an in camera hearing was held to determine whether the confidential informant was a material witness on the issue of guilt and whether the informant was reliable. On appeal, the reviewing court did not agree that the issue of the reliability of the informer should have been determined in open court but held that the in camera proceeding to determine the reliability of the informant was legally correct. ■ *Flannery* cannot be read to support the proposition that an entire affidavit, including all the factual material on which probable cause is grounded, may be sealed to safeguard the identity of a confidential informant.

The material in the affidavit furnishes the basis of a variety of challenges to the search warrant. Obviously it furnishes the basis for a challenge to probable cause—either to the factual basis of probable cause or the reliability of the informant, if an informant was used. If the informant is not named in the affidavit, the facts in the affidavit may give rise to a request for the identity of the informant as a material witness. The facts in the affidavit may raise questions concerning the veracity of allegations upon which the finding of probable cause rests. (See *Franks* v. *Delaware* (1978) 438 U.S. 154 [57 L.Ed.2d 667, 98 S.Ct. 2674].) A defendant who cannot view any portion of the affidavit cannot make a judgment as to whether any of these challenges should be made. The People take the position that these challenges can be addressed by the courts as they review the sealed affidavit. This, of course, leaves the defendant without an adversary before the court who can not only ascertain that the appropriate challenges are considered but also that the defense argument is vigorously and effectively pursued.

We conclude that the only portion of an affidavit that may be concealed from the defendant is that portion which necessarily would reveal the identity of a confidential informant. When the affidavit is in the form of a transcript which does not lend itself to a partial sealing, the problem can be solved by the addition of a written affidavit narrating those facts upon which probable cause is based that do not reveal the identity of the informant.

*Does the good faith exception to the exclusionary rule apply to preclude suppression of the evidence?*

■ The People argue that even assuming that the warrants were improper, the evidence seized should not be suppressed because the executing officers acted in good faith in reliance on the warrants. The People seek to apply the recent case of *United States* v. *Leon* (1984) 468 U.S. 897 [82 L.Ed.2d 677, 104 S.Ct. 3405], in which the United States Supreme Court

held that the exclusionary rule should not be applied when the officers conducting the search acted in "objectively reasonable" reliance on a warrant issued by a detached and neutral magistrate that subsequently is determined to be invalid. (*Id.,* at pp. 922-925 [82 L.Ed.2d at pp. 698-700].)

The ruling in *Leon* which applies to invalid warrants has no application to the question this court now considers. The sealing of the affidavit does not render the warrant invalid. The problem with sealing the entire affidavit is one of due process. It prevents the defendant from being able to attack the warrant with the assistance of counsel. A defendant has a Fourth Amendment right to be free from unreasonable searches and seizures and a Sixth Amendment right to be represented by counsel. Sealing the entire affidavit prevents him from exercising these rights.

We conclude that the motion to suppress the evidence seized at petitioners' residences should have been granted. Without this evidence, there was obviously insufficient evidence to hold petitioners to answer as there was no other evidence offered. We, therefore, do not address petitioner Michael Swanson's additional argument that there was insufficient evidence to hold him to answer even with the evidence seized.

Let a peremptory writ of prohibition issue restraining respondent court from taking any further action in action No. 881571-4 except to dismiss the information.

Poché, Acting P. J., concurred.

**CHANNELL, J.**—I concur and dissent.

The majority opinion rests its holding squarely on Evidence Code section 1041. However, in presenting their arguments to the superior court below, and in opposing the present writ, the People base their arguments on Evidence Code section 1042, subdivision (b). I agree that Evidence Code section 1042, subdivision (b) is applicable to the facts now before this court. I disagree with the conclusion urged by the People: that Evidence Code section 1042, subdivision (b) permits them to refuse to disclose the content of an oral affidavit.

Evidence Code section 1042, subdivision (b) provides, "Notwithstanding subdivision (a), *where a search is made pursuant to a warrant valid on its face,* the public entity bringing a criminal proceeding is not required to reveal to the defendant *official information* or the identity of an informer in order to establish the legality of the search or the admissibility of any evidence obtained as a result of it." (Italics added.)

Although petitioners dispute the fact, I will assume, for purposes of this opinion, that the present search warrants were valid on their face. Thus, the issue under Evidence Code section 1042, subdivision (b) is narrowed to whether the oral affidavit in support of the search warrants constituted "official information."

"Official information" is defined by Evidence Code section 1040, subdivision (a). It provides: "As used in this section, 'official information' means information acquired in confidence by a public employee in the course of his or her duty and not open, or officially disclosed, to the public prior to the time the claim of privilege is made." While this definition appears in a separate code section, under well established rules, when a statute is but one in a series of like statutes and a particular phrase or expression appears in each of them, those other statutes may be consulted as a guide to the proper construction or interpretation of the instant statute. (*Frediani* v. *Ota* (1963) 215 Cal.App.2d 127, 133 [29 Cal.Rptr. 912].) Thus, for purposes of the present inquiry, I adopt this definition when assessing the validity of the application of Evidence Code section 1042, subdivision (b).

Here, Officer Dorrian testified at the preliminary hearing that the search warrants were obtained on the basis of information provided by a confidential informant.[1] There appears to be no question that this information was obtained by Dorrian, a public employee, in the course of his official duties, and that this information was not disclosed prior to the time the privilege of nondisclosure was asserted. Thus, it appears that the information contained in the oral affidavit was "official information" within the meaning of Evidence Code section 1042, subdivision (b).

While a strict reading of Evidence Code section 1042, subdivision (b) would seem to permit the People to refuse to disclose the contents of the oral affidavit used to obtain the search warrants, I believe that this code section must be limited by petitioners' due process rights. As the majority opinion notes, the material in an affidavit furnishes the basis for a variety of challenges to a search warrant. A defendant who cannot view any portion of an affidavit cannot determine whether those challenges should be made.

In determining the extent to which a defendant's due process rights limit the application of Evidence Code section 1042, subdivision (b), I take guidance from the privilege which allows the People to conceal the identity of an informant. (Evid. Code, § 1041.) I view the majority's analysis of Evidence

---

[1] The majority opinion concludes, at footnote 3, *ante*, that the transcript of the oral affidavit hearing does not establish that the informant gave information in confidence. I believe the fact that this information was given in confidence can be and apparently was inferred by the magistrate.

Code section 1041 as persuasive authority for limiting the application of Evidence Code section 1042, subdivision (b) and conclude that the only portion of an oral affidavit which may be concealed from a defendant is that portion which necessarily would reveal the identity of a confidential informant. Thus, I concur in the majority holding on this issue.[2]

However, I must dissent from the majority's decision to issue an advisory opinion in this case. The Attorney General has moved this court to amend its alternative writ of prohibition to permit the People to file a motion to dismiss the information with prejudice in the trial court. Petitioners have indicated that they do not oppose the Attorney General's motion. The majority declines to amend the alternative writ reasoning that the petition presents issues of public interest which are likely to recur.

A dismissal with prejudice is the best possible result petitioners could hope for in this case. The majority's decision to issue a written opinion could possibly result in petitioners being recharged. Nor is it to the People's interest to continue to press this prosecution. Once again, the truth of the truism "bad cases make bad law" is demonstrated.

I am not aware of any reported California criminal case where an appellate court refused to permit an information to be dismissed with prejudice when requested to do so by both parties. I would grant the motion to amend the alternative writ and thus dissent from that portion of the majority opinion.

---

[2] In footnote 3, *ante*, the majority concludes that the People did not establish probable cause for issuance of the warrant. I disagree. However since that conclusion is unnecessary to the holding, I need not dissent from that portion of the majority opinion.