[No. E006600. Fourth Dist., Div. Two. Mar. 13, 1990.]

THE PEOPLE, Plaintiff and Appellant, v.
RICHARD ALLEN GREENSTREET, Defendant and Respondent.

**COUNSEL**

Dennis Kottmeier, District Attorney, and Joseph A. Burns, Deputy District Attorney, for Plaintiff and Appellant.

Gary W. Smith for Defendant and Respondent.

**OPINION**

**HOLLENHORST, Acting P. J.**—The trial court found that a search warrant affidavit that was edited to delete information about a confidential informant contained insufficient probable cause for the issuance of the warrant. The trial court therefore dismissed the information, even though it also found that the unedited affidavit contained sufficient probable cause. The People appeal, contending that the trial court erred. We agree and reverse the trial court.

### BACKGROUND

An informant advised police that defendant was selling methamphetamine from a business location in San Bernardino. The officer surveilled the location and proceeded to request a search warrant by a telephonic affidavit. The warrant was issued by the magistrate and served on the business. Quantities of methamphetamine and weapons were found and defendant was arrested on April 30, 1987. An information was filed charging defend-

ant with possession of methamphetamine for sale (Health & Saf. Code, § 11378) and various weapons charges.

At the original preliminary hearing, held July 13, 1987, defendant was held to answer to the charges. Subsequently, he filed a Penal Code section 995 motion in superior court contending that the magistrate violated his due process rights in sealing the entire search warrant affidavit. The court agreed and dismissed the information.

The People refiled the charges on April 6, 1988, and a second preliminary hearing was held on August 2, 1988. At that time, the court announced that it had deleted portions of the search warrant affidavit that would identify the confidential informant, and the balance of the affidavit would be furnished to defendant. The edited affidavit was then prepared and given to defendant. On August 11, 1988, the issue was submitted on the transcript of the first preliminary hearing, and defendant was held to answer.

Defendant then filed a second Penal Code section 995 motion to set aside the information. The motion, which included a request for the return of the seized property under Penal Code section 1538.5, was heard on February 22, 1989. At that time, the trial court stated that it had reviewed the original affidavit and the edited version and had concluded that there was probable cause if the original affidavit was considered but there was not probable cause if the edited version was considered. Since the People refused to give defendant the original affidavit, the trial court dismissed the charges. The People appeal. (Pen. Code, § 1238, subds. (a)(1) and (a)(8).)

## Discussion

Penal Code section 1527 provides: "The affidavit or affidavits must set forth the facts tending to establish the grounds of the application, or probable cause for believing that they exist." Evidence Code section 1041 provides that a public entity has a privilege to refuse to disclose the identity of an informer when the necessity for keeping the informer's identity confidential outweighs the necessity for disclosure.

Specifically, Evidence Code section 1042, subdivision (b) provides: "where a search is made pursuant to a warrant valid on its face, the public entity bringing a criminal proceeding is not required to reveal to the defendant official information or the identity of an informer in order to establish the legality of the search or the admissibility of any evidence obtained as a result of it."

The trial court considered *People* v. *Flannery* (1985) 164 Cal.App.3d 1112 [210 Cal.Rptr. 899]. In that case, an in camera proceeding was held to

determine the reliability of a confidential informant and the sole contention on appeal was that the issue of reliability should have been determined on evidence produced in open court. (*Id.*, at p. 1116.) The court pointed out that "the cases have repeatedly held that the disclosure of the identity of the informant, who supplied probable cause for the issuance of a search warrant, is not required where the disclosure is sought merely to aid in attacking probable cause." (*Id.*, at p. 1117.) The court held that Evidence Code section 1042, subdivision (b) authorizes the court to withhold identity of the informant, and information that might identify him or her, and it authorizes the court to determine the reliability of the informant by in camera proceedings. Specifically, the trial court was justified in sealing the affidavit of the confidential informant and deciding his reliability in camera. (*Id.*, at p. 1118, citing Evidence Code, §§ 915 and 1040, subd. (b).)

After most of the proceedings here, the case of *Swanson* v. *Superior Court* (1989) 211 Cal.App.3d 332 [259 Cal.Rptr. 260] was decided. In *Swanson,* the court considered the due process issues arising when an affidavit is sealed in its entirety and held that "the only portion of an affidavit that may be concealed from the defendant is that portion which necessarily would reveal the identity of a confidential informant." (*Id.*, at p. 339.) Accordingly, the court held that it was a violation of due process to seal the entire affidavit, since "[i]t prevents the defendant from being able to attack the warrant with the assistance of counsel. A defendant has a Fourth Amendment right to be free from unreasonable searches and seizures and a Fifth Amendment right to be represented by counsel. Sealing the entire affidavit prevents him from exercising these rights." (*Id.*, at p. 340.) Under this decision, therefore, the only portion of an oral affidavit that may be concealed from the defendant is the portion that necessarily would reveal the identity of the informant.

■ The issue here arises because the trial court accepted defendant's novel argument that the edited version of the affidavit became a new affidavit which must itself contain probable cause.

We find no support in logic or law for defendant's argument. Acceptance of defendant's position would effectively eliminate reliance on an informant's confidential information for search warrant affidavits, since probable cause would be based on an affidavit which did not contain that information. As the People correctly point out, probable cause is determined by the trial court on the affidavit submitted to it. (Pen. Code, §§ 1525, 1527.) Because of the privilege not to disclose the identity of the informer, the portions of the affidavit which disclose identity are not provided to the defense but are considered by the trial court. As *Swanson* states, the only information not provided to the defense is information that would disclose

the identity of the informer. Nondisclosure of any other information violates defendant's due process rights. The furnishing of an edited affidavit here fully complied with these rules. In addition, as *Flannery* states, disclosure of the identity of the informant is not required when the disclosure is sought merely to aid in attacking probable cause.

Since the trial court found that the original affidavit contained sufficient information to constitute probable cause, the trial court erred in dismissing the information.

## DISPOSITION

The order of February 22, 1989, which dismissed the charges set forth in information No. SCR 47856, is reversed.

McDaniel, J., and Dabney, J., concurred.

A petition for a rehearing was denied April 3, 1990.