## DENNERT v. UNITED STATES.
### No. 9788.

Circuit Court of Appeals, Sixth Circuit.

Feb. 16, 1945.

Stephens L. Blakely, of Covington, Ky., for appellant.

Claude P. Stephens, of Lexington, Ky. (Claude P. Stephens and Ben L. Kessinger, both of Lexington, Ky., on the brief), for appellee.

Before SIMONS, ALLEN, and McALLISTER, Circuit Judges.

PER CURIAM.

The appellant was convicted and sentenced on each of two counts of an indictment, one charging him with being engaged in a conspiracy to transport, possess, and sell distilled spirits in containers without stamps affixed thereto, and the other with being in possession of such illicit spirits. Viewing the evidence in the light most favorable to the government, there is a complete absence of substantial evidence that Dennert was a conspirator, or that the liquors were possessed by him. The principal item of evidence is that Dennert was the owner of the house in a vacant part of which the liquor was found. There is no evidence that it was his liquor, that he placed it there, or that it was placed there at his direction or with his knowledge. Indeed, there was substantial evidence contra, one Farley having confessed to placing the liquor in the premises without the knowledge of Dennert.

Nor was there any proof that he conspired. It may not be inferred from casual and unexplained meetings between Dennert and other persons charged, that he participated or even knew of the conspiracy. United States v. Falcone, 311 U.S. 205, 210, 61 S.Ct. 204, 85 L.Ed. 128.

"Circumstances which merely raise suspicion or give room for conjecture are not sufficient evidence of guilt. Wharton on Evidence, p. 1532. A conviction resting on them alone cannot stand." Kassin v. United States, 5 Cir., 87 F.2d 183, 184.

The evidence also shows that the revenue agents broke into Dennert's house without a search warrant. The fact that the rooms where the whiskey was found were unoccupied, did not justify the search,

and the agents had no means of knowing that there were no other possessions of Dennert's on the premises, nor can the search be validated by the consent of a tenant upon another portion of the premises, who had no control or dominion over the locked rooms which were broken into. The reasonableness of a search made upon information of a moving vehicle as validated in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790, does not apply, where, as here, there was ample opportunity to obtain a search warrant. United States v. Falcone, supra; Go-Bart v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374; Gouled v. United States, 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647. As was said in Alvau v. United States, 9 Cir., 33 F.2d 467, 470, "there was here no emergency." There was much more evidence in Taylor v. United States, 286 U.S. 1, 52 S.Ct. 466, 76 L.Ed. 951, where the search was held to be unreasonable and void. It must also be noted that the search was not in connection with Dennert's arrest.

The judgment and sentence must be reversed, and the court is directed to suppress the evidence obtained by the illegal search.

Reversed and remanded for further proceedings not inconsistent herewith.