## BAXTER v. UNITED STATES.
### No. 11215.

United States Court of Appeals
Sixth Circuit.

March 19, 1951.

As Amended April 25, 1951.

John H. Doughty, Knoxville, Tenn., for appellant.

Otto T. Ault, Chattanooga, Tenn., James M. Meek, Knoxville, Tenn., on the brief, for appellee.

. Before SIMONS, ALLEN and Mc-ALLISTER, Circuit Judges.

PER CURIAM.

Appellant was convicted of possessing whiskey in unstamped containers and concealing whiskey theretofore unlawfully removed, in violation of § 2803(a), I.R.C.,

and § 2913, I.R.C., 26 U.S.C.A. §§ 2803(a), 2913. A motion to suppress evidence was overruled. As this evidence was vital to conviction, the questions raised on the hearing in this court are the same as those presented on the motion to suppress.

Jury was waived and the case was tried to the court. The conceded facts are that at about one-thirty or two o'clock in the afternoon of September 29, 1948, officers of the Alcohol Tax Unit received from a source which they considered reliable, information that appellant was storing whiskey in his house. Without securing a warrant two officers went to appellant's premises at about eight o'clock that evening and stationed themselves in a cornfield adjacent to appellant's garage, some 25 feet from the house. The cornfield was separated from the house by a fence, behind which the officers stood. At about nine o'clock a truck was driven in, backed up to the stoop at the rear of appellant's house, and Gene Webb and Virgil Ball got out and entered. The officers heard a voice from within saying, "How many cases do you want us to bring up?" and a voice also from within answered, "Bring it all up." Webb and Ball proceeded to carry up cartons and load them in the truck. The officers thereupon climbed the fence and approached the stoop; one of the cartons was dropped and the officers smelled whiskey. Webb was arrested at the back of the truck and the officers entered appellant's house and arrested Ball in appellant's bedroom. The four cases which had been put in the truck and the five cases which the officers "brought out" contained 66 gallons of whiskey in unstamped containers.

█ The entry of the house and the arrest of Ball plainly violated § 2236, 18 U.S.C.A. Dennert v. United States, 6 Cir., 147 F.2d 286. The only government witness, an officer, stated that there was no search of the house; but he also said, "we brought out five more cases." The officers were looking in the house for cases which they brought out, and were also looking for Ball. This constituted a search. The fact that there was no further search after appellant stated "that's all the whiskey there is" does not alter the undisputed fact that a search was made.

This is not the case of a rapidly moving automobile or any emergency situation where immediate action is necessary. Cf. Alvau v. United States, 9 Cir., 33 F.2d 467; Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 283, 69 L.Ed. 543; Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879. As the court declared in the Carroll case, the conference report which preceded the legislation "left the way open for searching an automobile, or vehicle of transportation, without a warrant, if the search was not malicious or without probable cause." In the same case the Supreme Court held that this distinction was consistent with the guaranties of the Fourth Amendment.

The District Court found that the officers were trespassers upon the premises. Here we have a search of the curtilage, Roberson v. United States, 6 Cir., 165 F.2d 752, 754, and an entry and search of a dwelling house. Moreover, the agents received their information at least by two o'clock in the afternoon, in Newport, Tennessee, where there was a United States Commissioner, and it was clearly feasible to apply for the necessary warrants.

█ The motion to suppress evidence should have been granted.

We think this conclusion is compelled by the decision in McDonald v. United States, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153. Also it is in accord with the decision of this court based upon similar facts, Roberson v. United States, supra, which involved a search of the curtilage.

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.