## FINE v. UNITED STATES.
### No. 11952.

United States Court of Appeals
Sixth Circuit.
Oct. 13, 1953.
Writ of Certiorari Denied
Jan. 4, 1954.
See 74 S.Ct. 310.

W. E. Badgett, Knoxville, Tenn., for appellant. Taylor & Badgett, Knoxville, Tenn., on the brief.

John C. Crawford, Jr., U. S. Atty., Marysville, Tenn., for appellee. John F. Dugger, Elizabethton, Tenn., on the brief.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

The appellant was convicted and sentenced under two counts of an indictment charging him with possession and concealment of liquor in unstamped containers in violation of the Internal Revenue Code, 26 U.S.C.A. § 1 et seq. The question presented is the validity of a search and seizure at appellant's residence, and is raised by motion to suppress the evidence, which was denied by the District Court.

The warrant covered "the premises known as the Harve Fine residence and being a one story white frame dwelling with green shingle roof. Said house of about four rooms and located on the southeast corner of Mulberry Street and Cosby Cut-off Road in Newport, Tenn. * * *." The search warrant stated that "there is probable cause to believe that the property so described is being concealed on the premises above described" and commanded the officers "to search forthwith the place named * * *." The house searched was on premises belonging to Harve Fine, was white and was located on Mulberry Street in Newport, Tennessee. There was a conflict in the evidence as to whether it was situated at the intersection of Cosby Cut-off Road or of Prospect Avenue with Mulberry Street.

The house searched was the house described in the warrant and situated on the premises described. A description of the property is sufficient if the officer can with reasonable effort identify the intended place. Steele v. United States No. 1, 267 U.S. 498, 503, 45 S.Ct. 414, 69 L.Ed. 757; Sparks v. United States, 6 Cir., 90 F.2d 61, 63.

The affidavit upon which the search warrant was based stated that the affiant saw several cases of whiskey in one of the bedrooms of the Fine residence. The officers found no distilled spirits in the house and then went into the yard some 20 feet behind the house, broke the lock upon a shed, and found 5 half-gallon jars of whiskey, which are the basis of the prosecution. It was not improper to extend the search to this shed. The warrant authorized search of the "premises known as the Harve Fine residence" and of the "place named." These terms are broader than a mere description of the house and certainly include the curtilage. While the shed is protected from unreasonable search and seizure, Roberson v. United States, 6 Cir., 165 F.2d 752; Baxter v. United States, 6 Cir., 188 F.2d 119, it is not protected from a valid search.

The judgment of the District Court is affirmed.