Prentiss **RAMSEY**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 14072.

United States Court of Appeals
Sixth Circuit.

April 15, 1960.

Dale M. Quillen of Quillen & Bell, Nashville, Tenn., for appellant.

John C. Crawford, Jr., U. S. Atty., Knoxville, Tenn. (John F. Dugger, Asst. U. S. Atty., Knoxville, Tenn., on the brief), for appellee.

Before MARTIN, WEICK and O'SULLIVAN, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of conviction and sentence thereon of eighteen months' imprisonment for violation of the Internal Revenue Laws of the United States, 26 U.S.C.A. § 1 et seq. The indictment charged the possession of whiskey in unstamped containers and the removal and concealment of the same in order to evade taxes and defraud the United States. The case was tried without the intervention of a jury; and the United States District Judge found appellant guilty on both counts of the in-

dictment, but ordered the sentences on the two counts to run concurrently.

■ The principal complaint of appellant is that there was unreasonable search of the curtilage of appellant, without a search warrant.

We think that there is an inadequate showing made that there was any unlawful entry of the curtilage by the federal officers, inasmuch as, before entry, the officers saw the crime being committed in their presence. They were outside the curtilage when they saw fruit-jar cartons being loaded into an automobile. They also witnessed the dropping of one of the cartons in the yard of appellant as the carton was being carried for loading in the automobile and one of the agents testified that the odor of whiskey was detected when one of the jars in the dropped carton was broken. The agents were stationed in the road outside the yard at the time the jar containing whiskey was broken.

In our opinion, this case falls within the ambit of the principle declared in the following authorities: Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 69 L.Ed. 543; Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; Draper v. United States, 358 U.S. 307, 313, 79 S.Ct. 329, 3 L.Ed. 2d 327. Contrary to the argument of appellant's able attorney, we consider that this case is plainly differentiable on its facts from the case of Baxter v. United States, 6 Cir., 188 F.2d 119.

In the instant case, the federal officers observed appellant's violation of the Internal Revenue Laws in their presence, as they looked from a public road. They did not enter the curtilage until after they had seen appellant carrying cartons of jars to a waiting automobile and until after one of the cartons had been dropped in appellant's yard and was giving forth an odor of whiskey.

■ If the District Judge was in error in respect to his ruling concerning seizure of the cases of whiskey stacked just inside the door of appellant's house, the error was harmless for the reason that the sentence of eighteen months' imprisonment was made to run concurrently on the two counts; and the appellant was distinctly held not to stand committed on the second count for non-payment of a fine of one cent in lieu of costs.

Accordingly, the judgment of the United States District Court is affirmed.