**COMMONWEALTH**
**v.**
**Byron L. BOONE**

**Nos. 81-3653, 4**

Superior Court, Middlesex County
Commonwealth of Massachusetts

**April 13, 1982**

**Eileen Vodoklys,** counsel for plaintiff.
**Anthony Trani,** counsel for defendant.

**MEMORANDUM OF DECISION ON DEFENDANT'S MOTIONS TO SUPPRESS EVIDENCE I AND II**

Defendant was indicted for possession of cocaine with intent to distribute (81-3653), arising out of a search of his residence on September 15, 1981, pursuant to a warrant.

Defendant has moved to suppress all

articles seized in the search, including a quantity of cocaine, on the grounds, among others, that the search exceeded the scope of the warrant (motions to suppress I and II). A hearing on the motions was held on April 1, 1982.

I have found that the affidavit of Trooper William M. Shaughnessy properly supported the issuance of the warrant. The point needs no discussion. I find also that the search did not exceed the scope of the warrant, for the following reasons.

## FINDINGS OF FACT

1. The warrant was issued for a search of "8F Dunster Road, a/k/a number 8 Bedford Village, Bedford, Mass., more particularly described in the accompanying affidavit, . . . for . . . controlled substances...and associated paraphernalia . . ."

2. The search was conducted on September 15, 1981 by Troopers Shaughnessy, Foley, McDonough, Bedford Police Officer Pike and others. It began in the apartment proper.

3. On arrival the officers found that the area of 8F Dunster Road, also known as 8 Bedford Village, was laid out as shown in Exhibit 4 (copy attached). They observed a door to a storage area of the dimensions of an ordinary door to an apartment house on the opposite side of the hall.

4. The search of the apartment proper produced no measurable quantities of drugs.

5. The officers then opened the door to the storage area using a key that was given to them by defendant. The area was 7'x9', with a ceiling 7 1/2'x8 1/2' high and was divided equally into three bins, made of 2x4's and chicken wire, the center one marked to indicate it went with Apt. 8F. The bin was unlocked.

6. It was stipulated that the particular bin was assigned to apartment 8F, that the tenant who was on the lease, Mary Ann Leonard, had a key, as did the defendant.

7. The officers found a quantity of cocaine and other paraphernalia in the bin, which was seized.

## RULINGS OF LAW

1. The question is whether or not the storage area could fairly be described as part of or associated with 8F Dunster Road. I think that, under all the circumstances, it can be.

2. This case is factually distinguishable from **Commonwealth v. Hall,** 366 Mass. 790. **Hall** involved a wholly separate apartment on the third floor, where the warrant recited "certain rooms in the second floor apartment, second floor of . . . house." Moreover, the **Hall** Court indicated that in other circumstances a warrant for a particular dwelling could include a garage or shed associated with it. **Id.** at 800, citing **State v. Brochy,** 237 A. 2d 418 (Maine 1967) and **Fine v. United States,** 207 F.2d 324 (6th Cir. 1953).

3. This case more closely resembles the facts of **Commonwealth v. Scala,** Mass. Adv. Sh. (1980) 1077. The Court in **Scala** held that a warrant designating the entire second floor apartment encompassed the third floor attic as well, which was only accessible from the second floor apartment bedroom. **Id.** at 1085.

While the storage area in the instant case was not accessible only from the apartment described in the warrant, there still could be no confusion as to which bin was associated with that apartment and only that apartment. The federal case of **United States v. Principe,** 499 F.2d 7135 (1st Cir. 1974) is even more similar to the facts of this case. The **Principe** Court held that where a warrant described a "second floor apartment in the southwest corner of the building" it included a cabinet in that corner of the building, three to six feet from the entrance of the apartment in a small hallway directly opposite the apartment door, where the tenant possessed a key to the cabinet given to him by the building's owner. **Id.** at 1137.

4. To the extent that warrants permit intrusion into areas in which people otherwise have reasonable expectations of privacy, I am satisfied that defendant and Mary Ann Leonard had expectations of privacy in the bin and considered it to

be part of 8F Dunster Road.

5. No other grounds for suppression were pressed, nor opposition urged.

### ORDER

Defendant's motions are denied.

Robert J. Hallisey
Justice of the Superior Court