## Commonwealth v. Cherepko

*James F. Marsh, assistant district attorney*, for the Commonwealth.

*James Swetz and H. Alan Vican*, for defendant.

WILLIAMS, S. J., December 30, 1985 — Defendant is charged with the illegal possession of drugs with intent to deliver. This matter is before us on defendant's petition for suppression of physical evidence.

## FINDINGS OF FACT

1. A State narcotics agent working under the authority of the Attorney General of Pennsylvania, together with police officers from Mount Pocono, Stroudsburg, Stroud Township and East Stroudsburg, on March 1, 1985, participated in the search of the residence of defendant, located in Chestnuthill Township, Monroe County, Pa.

2. The narcotics agent, at the time of the search, had the search warrant given to him by the issuing authority.

3. The premises to be searched was a three-story chalet with three entrances. Police officers were stationed at each entrance.

4. Agent Licklider knocked at the door of the first entrance, stated words to the effect "police officers, open-up, we have a search warrant." The police announced they heard movement in the house.

5. Almost immediately after the announcement, the narcotics agent ordered a forcible entry.

6. No contraband drugs were found in the residence of defendant; such drugs were found in a woodpile in the yard of the building.

## JURISDICTIONAL ISSUE

This issue was withdrawn by defense counsel at the oral argument. See also: 71 P.S. §732-205, §732-206.

## COPY OF SEARCH WARRANT ISSUE

Defendant asserts that the search was illegal because the police did not have with them the original search warrant, but a copy of it. We have found as a fact that the police did have the search warrant with them. Moreover, even if the police had only a copy

of the search warrant with them, such a fact would not warrant suppression of seized evidence. See: Commonwealth v. Walls, 255 Pa. Super. 1, 386 A.2d 105 (1978).

## EXECUTION OF THE SEARCH WARRANT

Defendant asserts that the police illegally forced entry into the residence of defendant. Since defendant is not charged with any crimes arising out of the seizure of any contraband located in the residence, we consider this issue to be irrelevent. However, we believe that the manner of entry may be legally sustained. When the narcotics agent, who supervised the execution of the warrant, was advised by police that they heard movement in the house and no one responded to their knock and announcement that they had a search warrant and should "open-up", they were justified, after waiting 30 seconds to a minute, to force entry into the building. See: Commonwealth v. Dial, 445 Pa. 251, 285 A.2d 175 (1971).

## SEARCH OF WOODPILE

The search warrant authorized the search of a three-story chalet. It does not expressly authorize the search of the woodpile located in the yard of the chalet.

Defendant contends that we should suppress the physical evidence found in the woodpile because it was unconstitutionally seized since the woodpile was without the scope of the authorized search. We find three appellate court decisions which hold to the contrary. In Commonwealth v. Mark Eckert, 244 Pa. Super. 424, 368 A.2d 794 (1976) defendant gave written consent to search his trailer. No drugs were found in the trailer. The police searched a

trash can outside the trailer. Defendant contended that since the trash can was located outside the trailer, its search was beyond the scope of the consent. The court held to the contrary, stating as follows:

"No Pennsylvania authority has been found which defines 'premises' in the context of the description of the place to be searched in either a search warrant or a written consent. Several other jurisdictions have discussed this meaning of the term 'premises.' These courts have held that the meaning of 'premises' in a search warrant is not confined to the building(s) specified in the description. The term premises also 'includes all property necessarily a part of the premises or so inseparable as to constitute a portion thereof.' Massey v. Commonwealth, 305 S.W.2d 755 (Ky. 1975); State v. McClelland, 215 Kan. 81, 523 Pa. 2d 357 (1974); State v. Caldwell, 20 Ariz. App. 331, 512 Pa. 2d 863 (1973). Two additional jurisdictions employing this definition have found outbuildings and other property included as a part of the premises. In United States v. Long, 449 F.2d 288 (8th Cir. 1971), a building was specifically described in the warrant. The incriminating evidence was discovered in a trash barrel located behind the described building. The court found that the barrel was part of the 'premises' and within the scope of the warrant. In State v. Brochu, 237 A.2d 418 (Me. 1967), a detached garage was found to be a part of the 'premises' described in the warrant by the street number of the house and the name of the owner."

In Fine v. United States, 207 F.2d 324 (1953), the court was presented with the identical issue presented in the case at bar. The facts and ruling by the U. S. Court of Appeals (Sixth Circuit) is stated as follows:

"The affidavit upon which the search warrant was based stated that the affiant saw several cases of whiskey in one of the bedrooms of the Fine residence. The officers found no distilled spirits in the house and then went into the yard some 20 feet behind the house, broke the lock upon a shed, and found five half-gallon jars of whiskey, which are the basis of the prosecution. It was not improper to extend the search to this shed. The warrant authorized search of the 'premises known as the Harve Fine residence' and the 'place named.' These terms are broader than a mere description of the house and certainly include the curtilage. While the shed is protected from unreasonable search and seizure, Roberson v. United States, 6 Cir., 165 F.2d 752; Baxter v. United States, 6 Cir., 188 F.2d 119, it is not protected from a valid search."

"The judgment of the District Court is affirmed." Certiorari was denied by the U. S. Supreme Court, 346 U.S. 923, 74 S.Ct. 310, 98 L.Ed. 417 (1954).

In United States v. Long, 449 F.2d 288 (1971), the U. S. Court of Appeals (8th District) held that a trash barrel located just outside the building authorized by a search warrant to be searched, was part of the premises to be searched. The court stated:

"The trash barrel and its contents were seized although they were just outside the building housing Tocco Bros. Sea Food Co. The warrant described the area to be searched as 'the premises commonly known as Tocco Bros. Sea Food Co., 1013-15 North 8th Street, St. Louis, Missouri, being a one-story red brick structure with a white and grey painted front and a white painted rear, the building being on the west side of 8th Street, between Carr St. and Cole St.' The location of the barrel was at the northeast corner of the building almost touching the building and about three or four feet west of the sidewalk

that passed in front of the building. There was testimony that it belonged to Tocco Bros. Sea Food Co. and there was no building on the adjoining lot. An examination of the exhibit discloses that for all practical purposes this trash can was a part of the 'premises' to be searched and there is no merit to Tocco's claim that it was not at the place described in the search warrant. Fine v. United States, 207 F.2d 324 (6th Cir. 1953), cert. denied 346 U.S. 923, 74 S.Ct. 310, 98 L.Ed. 417 (1954), or in the government's alternative claim that it was abandoned."

We see no substantial difference between circumstances related in the three cited cases, as are here present. The woodpile was in the yard of the premises described to be searched. It was not enclosed. It was inseparable from the residence of defendant. We conclude, based upon the authorities cited, that the narcotics agent did not unconstitutionally search the woodpile or illegally seize the contraband drugs found therein.

## CONCLUSIONS OF LAW

1. The narcotics agent acting under the authority of the state attorney general had jurisdiction to make the search.

2. The search warrant was lawfully executed.

3. The search of the woodpile was within the scope of the search warrant.

4. The physical evidence seized from the woodpile by the police shall be admissible in evidence at the trial of the case.

## ORDER

And now, December 30, 1985, it is ordered:

1. Defendant's omnibus pretrial motion be dismissed.

2. Physical evidence seized by the prosecuting authority shall be admissible in evidence at the trial of defendant.