Filed 7/1/16  P. v. Cuevas CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B264710 |
| Plaintiff and Respondent, | (Los Angeles County<br>Super. Ct. No. LA076784) |
| v. | |
| MANUEL CUEVAS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Thomas Rubinson, Judge.  Affirmed.

Eric D. Shevin, Stephen J. Fisch and Ryan M. D'Ambrosio for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \*

**SUMMARY**

Defendant and appellant Manuel Cuevas pled no contest to possession for sale of a controlled substance (Health & Saf. Code, § 11351), and was sentenced to three years formal probation. On appeal, defendant contends the trial court erred in denying his motion to suppress evidence pursuant to Penal Code section 1538.5, and in finding the good faith exception applicable. We affirm.

**FACTS**

Los Angeles Police Department officers executed a search warrant at 7506/7508 Jamieson Avenue in Reseda. The search warrant permitted a search of Fernando Sanchez, the location, and any vehicles parked at or near the location, and the seizure of cocaine, paraphernalia, currency, and the like, as well as computers, cell phones, pagers, and weapons. The warrant described the location to be searched as a one-story, white house with white trim and a gray roof. The location was further described as follows: "The numbers 7506/7508 are painted in black on a white back ground on the curb. The property listed through Department resources shows it as 7506, although 7508 is painted on the curb in front of the location. This may have been erroneously painted or purposely painted on the curb to avoid detection from the police." The warrant did not mention a garage or any sort of outbuilding was located on the subject property.

Detective Luke Walden, the affiant who prepared the search warrant and affidavit, testified at the hearing on the motion to suppress. When he and the other officers arrived at the location, they discovered a house with a detached garage. Officers approached the garage and saw defendant seated inside with his back to a security door, smoking marijuana. One officer opened the security door and took defendant into custody while others continued to search the garage. Defendant was later identified as the brother of Fernando Sanchez, the suspect named in the search warrant.

The garage contained a bed, couch, dresser, two safes and a television area. There was no bathroom or kitchen. A search dog alerted officers to specific areas in the garage, prompting the officers to ask defendant if he had drugs or weapons. Defendant answered he possessed marijuana and cocaine and unlocked two safes containing marijuana,

2

cocaine and $48,593 in cash. Officers arrested defendant on suspicion of violating Health and Safety Code sections 11351 and 11359.

At the preliminary hearing, defendant filed a motion to suppress the evidence recovered during the search on the grounds the evidence was obtained during a warrantless search of his home. The trial court denied the motion and held defendant to answer. Defendant renewed his motion to suppress prior to the start of trial. Defendant argued he had a reasonable expectation of privacy in the garage because it was his home and the warrant did not mention the garage. The court found defendant had a reasonable expectation of privacy in the garage because it was his residence and the officers should have obtained a separate warrant. Nevertheless, the court found the officers executed the warrant with objectively reasonable good faith, and thus, the search fell within the good faith exception.

This appeal followed.

## DISCUSSION

Defendant contends the trial court should have granted his motion to suppress and excluded the evidence recovered because the search warrant did not specify the detached garage, rendering it a warrantless search. Defendant further contends the good faith exception does not apply because the warrant was so facially deficient that no reasonable officer could have presumed it to encompass the garage.

When reviewing a trial court's ruling on a motion to suppress, we " 'defer to the trial court's factual findings, express or implied, where supported by substantial evidence. In determining whether, on the facts so found, the search or seizure was reasonable under the Fourth Amendment, we exercise our independent judgment.' " (*People v. Garry* (2007) 156 Cal.App.4th 1100, 1106.)

The Fourth Amendment protects against unreasonable searches and seizures and provides that no warrant shall issue without "particularly describing the place to be searched and the persons or things to be seized." (U.S. Const., 4th Amend.) Traditionally, violations of Fourth Amendment rights have been remedied by exclusion of the evidence recovered during the illegal search. (*Mapp v. Ohio* (1961) 367 U.S. 643,

3

655-656.)  The exclusionary rule ordinarily requires the exclusion of not only what was seized during the search, but also any derivative evidence discovered through information obtained during the illegal search.  (*People v. Williams* (1988) 45 Cal.3d 1268, 1299.)

In *People v. Dumas* (1973) 9 Cal.3d 871, 881, footnote 5, the Supreme Court cited with approval several California and federal authorities holding "a warrant to search 'premises' located at a particular address is sufficient to support the search of outbuildings and appurtenances in addition to a main building when the various places searched are part of a single integral unit.  (E.g., *People v. Fitzwater* (1968) 260 Cal.App.2d 478 [search of dismantled van used as shed on warehouse lot]; *People v. Grossman* (1971) 19 Cal.App.3d 8 [search of carport appurtenant to apartment]; *United States v. Long* (8th Cir. 1971) 449 F.2d 288, 294 [search of trash barrel located outside building]; *Fine v. United States* (6th Cir. 1953) 207 F.2d 324[, cert. denied (1954) 346 U.S. 923] [search of shed located some 20 feet behind main house]. . . .)"

Other California authorities have upheld the search of structures that were not specifically described in a search warrant.  (*People v. Smith* (1994) 21 Cal.App.4th 942, 949-950 [a barn located over a quarter mile from the residence on a ranch qualified as an "outbuilding"]; *People v. Weagley* (1990) 218 Cal.App.3d 569, 572-573 [mailbox attached to an apartment building considered to be part of apartment "premises"]; *People v. Minder* (1996) 46 Cal.App.4th 1784, 1787-1789 [safe *near* the back porch of the house and an outer wall of the house considered part of " 'the Minder residence, and the premises therein' "].)

Here, although the trial court found the affiant, as a precaution, should have specifically requested permission to search any outbuildings, garages or other structures the officers may encounter on the property, the court denied the motion to suppress on the ground that the officers believed in good faith the warrant authorized a search of the garage.  An exception to the Fourth Amendment exclusionary rule is the good faith exception which allows the introduction of evidence obtained under a defective warrant, issued by a detached and neutral magistrate, if the officers acted in objectively reasonable good faith.  (*U.S. v. Leon* (1984) 468 U.S. 897.)  In creating the exception, the Supreme

4

Court reasoned the exclusionary rule cannot have its intended deterrent effect if "the offending officers acted in the objectively reasonable belief that their conduct did not violate the Fourth Amendment." (*Id.* at p. 918.)

A search executed pursuant to a warrant should ordinarily be upheld unless there is evidence the officer misled the magistrate issuing the warrant, the affiant provides false information, the affiant acts with reckless disregard for the truth, or the warrant is so facially deficient that the executing officers cannot reasonably presume it to be valid. (*People v. Hulland* (2003) 110 Cal.App.4th 1646, 1654-1655; *U.S. v. Leon, supra,* 468 U.S. at p. 923.) Here, the trial court found no evidence "to suggest that the police acted with knowledge or even recklessness as to the propriety of their search."

Substantial evidence supports the trial court finding that the officers acted reasonably and in good faith. There is nothing in the record to suggest that Detective Walden was aware of the existence of the garage before the officers began the search, much less that it was a separate living space. The warrant was for the premises as a whole, and the court found that the lack of a reference to detached structures did not render the officers' reliance on the warrant unreasonable. As the high court in *Davis v. United States* reasoned, "police practices trigger the harsh sanction of exclusion only when they are deliberate enough to yield 'meaningfu[l]' deterrence, and culpable enough to be 'worth the price paid by the justice system.' " (*Davis v. United States* (2011) 564 U.S. 229, 240, quoting *Herring v. United States* (2009) 555 U.S. 135, 144.) Here, the officers who conducted the search were neither reckless nor grossly negligent.

Defendant argues the warrant was so facially deficient that no reasonable officer could have thought it was valid. A warrant is not invalid because it lacks complete precision. "It is enough if the description is such that the officer with a search warrant can with reasonable effort ascertain and identify the place intended." (*Steele v. United States* (1925) 267 U.S. 498, 503.) In *People v. Amador*, an officer executed a search warrant of the defendant's house despite differences between the warrant's description of the subject home and the actual house. (*People v. Amador* (2000) 24 Cal.4th 387.) Our Supreme Court found that although the warrant stated the house was two stories instead

of one and the street address was off by one number, the warrant was sufficient because the executing officer located the specified premises without issue. (*Id.* at pp. 392-393.) Here, the warrant was sufficiently precise to allow the officers to ascertain the location of the premises without confusion, but also broad enough such that the search of the garage was not unreasonable.

In his affidavit, Detective Walden testified that, based on his experience as a narcotics detective, people who are engaged in illegal narcotic sales "will sometimes move [their] vehicles within their neighborhood and also switch vehicle license plates from one vehicle to another or other similar vehicles to avoid any connection to themselves and detection by law enforcement. They will also store quantities in safes, outbuildings and often bury quantities in their yards leaving large and/or aggressive dogs as a deterrent to the Police. It is also common practice for narcotic associates to store narcotics at different residences and transport the narcotics from one location to another as to avoid detection by rival narcotics suspects and law enforcement." The totality of the circumstances demonstrates the officers' good faith in executing the search and including the garage within its scope. Thus, defendant's contention that the officers' reliance on the warrant was unreasonable has no merit.

## DISPOSITION

The judgment of conviction is affirmed.


GRIMES, J.

WE CONCUR:

RUBIN, Acting P. J.



FLIER, J.


6